## SHANE v. FRANCIS.

BONDS.—*Official.*—*Surety* —A surety upon an official bond, as well as his principal, is a debtor, within the meaning of the statute which provides that "judgments on bonds payable to the State of Indiana, shall bind the real estate of the debtor from the commencement of the action." (2 G. & H. 233, sec. 414.)

SAME —*Payable to State.*—*Relator.*—No relator is necessary in an action by the State on a bond payable to her, when the obligation is to the State, and no individual has an interest therein other than that common to all.

APPEAL from the Ripley Circuit Court.

GREGORY, J.—Shane brought his action against Francis for the purpose of " determining and quieting the question of title."

The State, on the relation of the appellee, commenced an action in the Court of Common Pleas of Ripley county, against the sheriff and the sureties upon his official bond, to recover money collected by him as such sheriff, upon executions in his hands. Bagot was one of the sureties, and a defendant to the action, and, at the commencement of the suit, owned the land in question. After suit, but before judgment, Bagot, for a valuable consideration, conveyed the land to one William Bagot, in good faith, who afterwards, in good faith, and for a valuable consideration, conveyed it to the appellant. After Bagot, the surety, conveyed the land, judgment was rendered in the action against the sheriff and his sureties, upon which execution was issued and the land levied upon and sold, and the appellee became the purchaser.

The court below, on a demurrer to the complaint, held that the judgment bound the real estate of the surety from the commencement of the action. This ruling presents the question in the case. The code provides that "judgments on bonds payable to the State of Indiana, shall· bind the real estate of the debtor from the commencement of the action." 2 G. & H. 233, sec. 414.

Was the surety a debtor, within the meaning of the statute? HUBBARD, J., in *Gray* v. *Bennett*, 3 Met. 522, says: "The word 'debt' is of large import, including not only debts of record, or judgments, and debts by specialty, but also obligations arising under simple contract, to a very wide extent; and in its popular sense includes all that is due to a man under any form of obligation or promise. And long ago it was held, as expressed by BLACKSTONE, that 'whatever the laws order any one to pay, that becomes instantly a debt which he hath beforehand contracted to discharge.'"

The surety was jointly liable with his principal, by contract, for the money collected and not paid over by the latter. The default of the sheriff fixed the liability of the surety, and the obligation to pay became a "debt" against him, as well as against his principal.

All official bonds are made payable to the State. 1 G. & H. 164. It is contended, that only bonds payable to the State for obligations to her are embraced by the code. We think otherwise. It is true that section 7 provides that "actions upon official bonds, and bonds payable to the State, shall be brought in the name of the State of Indiana, upon the relation of the party interested." 2 G. & H. 41. That section, it will be observed, however, provides for a relator in all actions on bonds embraced in it. Now, it cannot be contended with any plausibility that a relator is necessary in an action by the State on a bond payable to her, when the obligation is to her, and no individual has an interest therein other than that common to all. The code itself contains evidence that when the legislature intended therein to make a distinction between the principal and surety the latter is named: it is provided that "every recognizance shall bind the real estate of the principal from the time it is taken; but shall only bind the real estate of the surety from the time judgment of forfeiture is rendered." 2 G. & H. 265, sec. 531. The court below com-

mitted no error in sustaining the demurrer to the complaint.
The judgment is affirmed, with costs.

*H. W. Harrington,* for appellant.

*L. Howland,* for appellee.