## THE STATE *v.* HENNING.

CRIMINAL LAW.—*Prosecuting Attorney.*—*Bribery.*—A prosecuting attorney is an officer entrusted with the administration of justice, within the meaning of section 39 of the act defining felonies, &c., 2 G. & H. 450.

SAME.— *Compounding Crime.*—*Indictment.*—An indictment under section 2 of the act in relation to the compounding and concealing of crimes, &c., Acts 1867, p. 104, must charge that the defendant had knowledge of the actual commission of the crime which it is alleged he agreed to compound, conceal, &c.

SAME.—*Jurisdiction.*— *Vanderburgh Criminal Circuit Court.*— A grand jury
was impanelled in the Circuit Court of Vanderburgh county, and an indict-
ment was returned by said jury into said court, after the act creating the
Vanderburgh Criminal Circuit Court went in force, but before the first term
of the latter court.

*Held,* on motion to quash, in the Vanderburgh Criminal Circuit Court, to
which the case was transferred, that the court in which the indictment was
found had no jurisdiction of the subject-matter.

APPEAL from the Vanderbugh Criminal Circuit Court.

GREGORY, C. J.—The appellee was indicted in the court
below for bribery. The indictment charges, that on, &c.,
William Henning was prosecuting attorney of the Fifteenth
Judicial Circuit of the State of Indiana, and was then and
there acting as such; that on, &c., at the said county, one
Herman Becker was and had been guilty of violating the
law of said state by unlawfully bartering and selling intox-
icating liquor by a less quantity than a quart at a time in
said county, without having a license for that purpose.
And the grand jurors of the said county being at that
time in session, and the said Herman Becker greatly fear-
ing that he would be indicted by said grand jury for said
offense, to prevent any indictment from being found against
him, the said Becker had an interview and a conversation
with said Henning, in reference to said prosecution against
the said Becker, and the said William Henning, so being
prosecuting attorney, did then and there unlawfully, cor-
ruptly, and feloniously, take and receive from the said Her-
man Becker, a large sum of money, to wit, the sum of five
dollars in lawful currency of the United States, as an un-
due reward to influence his behaviour in office as such
prosecuting attorney, and to induce him to prevent the said
grand jurors from finding an indictment against the said
Becker for the offense aforesaid.

On motion, the indictment was quashed. The State ap-
peals.

This indictment, if sustained, must be held good under
section 39 of the act defining felonies, and prescribing pun-
ishment therefor. 2 G. & H. 450. It lacks a material aver-

ment to make it good under section 2, of the act of March 11th, 1867, in relation to compounding crimes. It is not charged that the defendant had knowledge of the actual commission of the crime of Becker.

The turning point in the case is this: Is a prosecuting attorney an officer entrusted with the administration of justice?

He is a judicial officer created by the constitution of the State. 1 G. & H. 47, sec. 11.

·He is the law officer of the court to whom is entrusted all prosecutions for felonies and misdemeanors. 2 G. & H. 430, sec. 4.

He is the legal adviser of the grand jury.

We think he is "an officer entrusted with the administration of justice."

But the action of the court below must be sustained, for the reason that the court in which the indictment was found had no jurisdiction of the subject-matter.

On the 13th of May, 1869, the act creating the Vanderburgh Criminal Court was approved; it is therein declared to be in force from and after its passage. The indictment was returned into the Vanderbugh Circuit Court on the 21st of May, 1869, by a grand jury impanelled therein on the 18th of that month. The case was transferred to the Vanderburgh Criminal Court, where the indictment was quashed.

It is admitted by counsel for the State, that the latter court had exclusive jurisdiction of the offense charged, but it is insisted that from the creation of the court until its first term, the Vanderburgh Circuit Court retained its former jurisdiction. This position is not tenable. Certainly the grand jury of the criminal court could enquire of all offenses of which that court had jurisdiction from the time of its creation. There was at all times after its creation a court having jurisdiction to punish the offender for the crime charged. That the court was not in session, is no reason why the circuit court should retain its former juris-

diction.   The offender could have been held to bail to an-
swer in the criminal court at its next term.

The judgment is affirmed.

*D. E. Williamson,* Attorney General, and *A. L. Robinson,*
for the State.

*J. M. Shackelford* and *W. F. Parrett,* for appellee.