## HOOD, BY HIS NEXT FRIEND, HOOD, v. PEARSON.

INFANT.—*Suit by.*—*Removal of Next Friend.*—*Record.*—*Supreme Court.*— Under section 11 of the practice act, the court may remove the next friend of an infant plaintiff, and, where this has been done, the Supreme Court will presume in favor of the correctness of the order of removal, until the contrary be shown.

SAME.—*May sue as Poor Person.*—*Statutes Construed.*—Construing sections 11 and 15 of the practice act together, an infant plaintiff has a right, upon a proper showing, to prosecute his suit as a poor person, without a next friend.

SAME.—*Sufficiency of Affidavit.*—*Waiver.*—*Brief.*—*Petition for Rehearing.*— Where, on appeal to the Supreme Court in such case, the sufficiency of the affidavit constituting such showing is not questioned by the opposite party in his brief, that question is waived and can not be made ground for a rehearing.

Hood, by his next Friend, Hood, v. Pearson.

SAME.—Such an affidavit is accepted as *prima facie* true, and it need not allege that it contains all the evidence adduced in support of the truth of its allegations.

SAME.—*Continuance.—Change of Venue.—Attachment.—Contempt.—Surprise. —New Trial.—Verification of Pleading.—Process.—Injunction.*— An affidavit for a continuance, for a change of venue, to found a rule upon, for an attachment, for contempt, in matters of surprise or for a new trial, to obtain a writ, to verify a plea or the service of a summons, or for an injunction, need not show that it contains all the evidence of the truth of its own allegations.

SAME.—*Presumption.—Supreme Court.*—An affidavit in support of a motion is presumed, by the Supreme Court, where the contrary is not shown by the record, to be the sole ground upon which a ruling on the motion is made, even in cases where counter affidavits or other adverse evidence was admissible.

From the Warren Circuit Court.

*W. P. Rhodes*, for appellant.

*J. McCabe* and *J. M. Rabb*, for appellee.

BIDDLE, J.—Robert M. Hood, by James W. Hood, his next friend, brought this action against Mahlon H. Pearson, to recover the possession of a horse and wagon.

Pearson answered the complaint by a general denial. Before trial, the court, on motion, ordered "that James W. Hood be removed as next friend," and also ordered "the plaintiff to substitute a competent and responsible person as next friend, within thirty days," and continued the cause.

The plaintiff failed to substitute a competent and responsible person as next friend, under the order, but, at the next term of the court, moved, upon a proper showing, to be allowed to prosecute the case as a poor person. On failure to comply with the order of the court to substitute another person as next friend, the court overruled the motion to allow the appellant to prosecute the case as a poor person, and thereupon dismissed the suit; to all of which the appellant reserved his exceptions. Upon the dismissal of the suit, the court rendered judgment against the appellant, for

VOL. LXVII.—24

the return of the property to the appellee, and, in default thereof, for one hundred and fifty dollars and costs of suit. On appeal, and assignments of error in this court, the following questions are discussed :

1. The appellant insists that the record should show, affirmatively, the grounds upon which the court removed the next friend of the infant.

We think not. Section 11 of the code of practice gives the court the power, in express terms, to remove a next friend. We must presume the ruling to be right. If the ruling was wrong, it was for the appellant to make the error appear of record. Not having done so he can not question the decision.

2. Has an infant, on a proper case made, the right to prosecute a suit as a poor person, without suing by a next friend ?

The sections of the statute bearing upon this question are as follows :

" Sec. 10. When an infant shall have a right of action, such infant shall be entitled to maintain suit thereon, and the same shall not be delayed or deferred on account of such infant not being of full age.

" Sec. 11. Before any process shall be issued in the name of an infant, who is a sole plaintiff, a competent and responsible person shall consent in writing to appear, as the next friend of such infant, and such next friend shall be responsible for the costs of such action, and thereupon process shall issue as in other cases ; but where it shall appear to the court that such next friend is incompetent, or irresponsible, the court may remove him, and permit some suitable person to be substituted, without prejudice to the progress of the action.

" Sec. 15. Any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is

pending, for leave to prosecute or defend, as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defence, who shall do their duty therein without taking any fee or reward therefor from such poor person." 2 R. S. 1876, pp. 37, 38.

It is insisted by the appellee, that an infant must sue by a next friend, according to section 11, *supra*, and can not sue as a poor person, under section 15, *supra*.

Such a construction would exclude an infant from suing as a poor person, unless he secured the costs by a next friend, while it would admit an adult to sue as a poor person, without giving security for costs; indeed, it would allow an adult to sue at the public expense, and deny the same right to an infant. We can not suppose that the Legislature meant any such result. One of the main reasons why an infant must sue by a next friend is, that the infant is not liable for costs; but, when no costs are to be paid by the infant, this reason entirely ceases. Of course, the next friend must see as to the propriety of bringing the suit, and, if brought, see that it is conducted with prudence and circumspection; but, when an attorney has been assigned by the court to prosecute the case for the infant, these reasons also cease, for it must be supposed that an attorney is as competent to advise as to the propriety of bringing a suit, and also as to its manner of prosecution, as a next friend. And we can see no necessity for a next friend, when the statute provides the infant with an attorney. In this view we do no violence to a fair construction of section 11. The two sections must be construed together. The construction insisted upon by the appellee would entirely overrule section 15, as to infants, while the

view we.take does not infringe upon section 11, but upholds both sections: Taken together, they plainly mean that, where an infant has means to prosecute his suit, he must sue by a next friend; and that when he has no such means he may sue as a poor person, and have an attorney assigned to prosecute the case for him. The poverty of the infant might be the cause why he could not procure a next friend to stand for his costs. In such case, if he was denied the right to sue as a poor person, he could not sue at all—a consequence contrary to justice, against the letter of section 10, *supra*, and inimical to the spirit of our institutions; one certainly to be avoided if possible.

If we are right in this view, the court erred in denying the right of the appellant to sue as a poor person, and in dismissing his case.

The judgment is reversed, at the costs of the appellee, and the cause is remanded for further proceedings according to this opinion.

ON PETITION FOR A REHEARING.

BIDDLE, J.—The appellee asks a rehearing, upon the ground that the showing made by the affidavit of the minor to sue as a poor person does not state that it contains all the evidence upon the question.

The point was not mentioned in the appellee's original brief. His arguments were all upon the questions of law arising in the case, all of which were carefully decided, and of which he does not complain. Nowhere in the record, nor in the appellee's brief, is the sufficiency of the showing that the minor was a poor person, " not having sufficient means to prosecute or defend an action," questioned because the affidavit did not contain all the evidence. The point must therefore be held as waived. For this reason, if for no other, the appellee would not be en-

titled to a rehearing, even though the new question he presents had merit. But we prefer to decide the question, as it is one generally affecting the practice.

The objection to the showing by the affidavit of the minor is, that it does not state that this was all the evidence given to the court touching the question. This is not necessary in an *ex parte* affidavit. It is taken as *prima facie* true, not as so much evidence of its truth; and, when it is not controverted, it is held sufficient. No objection is made to the sufficiency of the facts stated in the affidavit to constitute a proper showing; but it is insisted that " This court can not tell whether the court below was justified in its action or not, unless they have the evidence before it." This court has the evidence before it in the uncontroverted affidavit, properly presented by a bill of exceptions. In all this class of affidavits, when the affidavit is not controverted, it is never necessary to show that it contains all the evidence given upon the question. In such cases, it is always taken as *prima facie* true. This is an old common-law rule, which we never before heard questioned. In an affidavit for continuance, for a change of venue, to found a rule upon, in attachment, for contempt, in matters of surprise, on a motion for a new trial, to obtain a writ, to verify a plea or the service of a summons, or for an injunction, and in innumerable instances when they are necessary in the course of a judicial proceeding, it is never necessary to show that it contains *all* the evidence upon the subject. Blackstone expresses the true use of an *ex parte* affidavit, for the purpose of founding a motion, in the following words :

" This may be done upon what is called a *motion ;* which is an occasional application to the court by the parties or their counsel, in order to obtain some rule or order of court, which becomes necessary in the progress of

a cause; and it is usually grounded upon an affidavit (the perfect tense of the verb *affido*), being a voluntary oath before some judge or officer of the court, to evince the truth of certain facts, upon which the motion is grounded." 3 Bl. Com. 304.

It will be observed that the affidavit is an " application to the court," not addressed to the issues of the cause; it is to obtain some rule or order from the court, not to prove a fact in issue on the trial; it is to " evince the truth of certain facts," not as controverted evidence tending to prove certain facts.

A suit in attachment affords a common instance to show the difference between an *ex parte* affidavit, and an affidavit to a fact put in issue by the controversial pleadings of the parties in the cause on trial. An *ex parte* affidavit, stating the necessary facts, is sufficient to authorize the issuing of a writ of attachment against the goods of the debtor. No one would claim that, for that purpose, it is necessary that the affidavit should show that it was all the evidence given to authorize the writ; but if the facts contained in the affidavit are put in issue between the parties on the trial of the cause, as they may be, the affidavit, for the purposes of that issue, will not be held as *prima facie* true; and, if such issue is brought before this court upon the question of fact, the bill of exceptions must show that it contains all the evidence; but if the question of the sufficiency of the facts stated in the affidavit to authorize the issuing of the writ, is brought before this court, it is not necessary that the bill of exceptions should show that the affidavit contained all the evidence of the facts upon which the writ of attachment was issued.

We think the rule should be, that, where an affidavit is filed on which a motion is based, and the court passes upon the motion, it will be presumed that the affidavit was the sole ground on which the court acted—the record showing

nothing to the contrary—although the motion was one which admitted of counter affidavits, or other contradicting evidence.

We have thus particularly explained, in theory, what we supposed was well understood in practice, not that we deemed the question so important, but that we felt that the explanation was due to the earnestness of the counsel who prepared the petition, which is now overruled.