HEACOCK *v.* ARNOLD.

[No. 13,542.   Filed December 11, 1929.]

*John K. Chappell* and *Ely & Corn,* for appellant.
*Carl M. Gray,* for appellee.

NEAL, P. J.—The appellant has assigned as error: The court erred in overruling the motion of the appellant for a new trial, and one of the causes is to the effect that the court erred in overruling appellant's objection to question No. 1 propounded to each of the twelve jurors by the appellee on his *voir dire,* to wit: "Mr. ———— (each of the twelve jurors selected), do you hold a policy in the State Automobile Insurance Association?"

Before we can consider the assigned error, two propositions advanced by the appellee must be answered, and if the answer be in the affirmative, the errors assigned cannot be considered in this appeal.

First: "The special bill of exceptions presents but one question propounded to each of the twelve jurors, and the objection to said question and the ruling of the court on said objection, and does not contain the entire *voir dire* examination of the jury. Therefore, no alleged error predicated upon the *voir dire* examination is presented to this court for decision." This identical proposition was answered by this court in the case of *Annadall* v. *Union, etc., Lime Co.* (1908), 42 Ind. App. 264, 84 N. E. 35. We quote from the opinion: "Unless the record contains the entire *voir dire* examination of the jurors, the action of the trial court, as here sought to be presented, will not be reviewed." We adhere to the holding of the court in the above case, thus answering the first question.

The second: "The judge who signed the general bill of exceptions did not have authority to sign said bill of exceptions, and was not a judge *pro tempore* of the Pike Circuit Court. Therefore, the general bill of exceptions is not in the record."

The record reveals the following facts in regard to the

appointment of the Hon. W. E. Cox, judge *pro tempore:*
On August 30, 1928, the Hon. Bomar Traylor, judge of
the Pike Circuit Court, appointed William E. Cox, a
competent and reputable attorney of the fifty-seventh
Judicial Circuit Court, to act as judge *pro tempore* of the
September term of the court beginning on September 3,
1928; the Hon. Bomar Traylor was at the time unable to
attend and preside at the September term of the court
on account of sickness; on September 3, 1928, the Hon.
W. E. Cox took the oath of office as judge *pro tempore;*
the trial of the above-entitled cause was had before
W. E. Cox, judge *pro tempore* at the September term
1928, of the Pike Circuit Court; on November 12, 1928,
the same being the first day of the November term of
the Pike Circuit Court, Judge Bomar Traylor ap-
pointed Hon. W. E. Cox judge *pro tempore;* the appoint-
ment reads in part as follows: "Now, therefore, the
undersigned judge of said court hereby appoints W. E.
Cox . . . to act as judge *pro tempore* thereof for said
*September term,* 1928, of said Pike Circuit Court."
(Our italics.)   Appellant filed her motion for new trial
in the cause on October 8, 1928, which was overruled by
the Hon. W. E. Cox, judge *pro tempore* on November
19, 1928.

On November 24, 1928, Judge Bomar Traylor re-
turned to court and appointed the Hon. William D.
Curll, as judge *pro tempore* for the Pike Circuit Court,
for the third week of the November term, 1928, be-
ginning November 26, 1928.   Hon. W. D. Curll quali-
fied as judge *pro tempore.*   Appellant, on November 26,
1928, filed her appeal bond, which was approved by
judge *pro tempore,* W. D. Curll.   The certificate to the
general bill of exceptions is to the effect that the same
was presented to the court on January 7, 1929, and was
signed by W. E. Cox, judge *pro tempore,* on the same day.
The record fails to disclose that the Hon. W. E. Cox was

ever appointed judge *pro tempore* except at the times and in the matter as herein set forth.

The court takes judicial notice of who the regular judges of the several judicial circuits are, including the Pike Circuit Court, and also takes judicial notice of the beginning and end of the terms of court in the various circuits of the State of Indiana, including the Pike Circuit Court, and, therefore, that on January 7, 1929, W. E. Cox, or William E. Cox, was not the regular judge of the Pike Circuit Court; that the Fifty-Seventh Judicial Circuit is composed of Pike and Dubois counties; that the first day of January term of the Dubois Circuit Court commenced on January 7, 1929. Furthermore, this court judicially knows that the November term of the Pike Circuit Court ended prior to January 7, 1929. *Stanley* v. *Stanley* (1921), 190 Ind. 528, 131 N. E. 35; *H. W. Johns-Manville Co.* v. *South Shore Mfg. Co.* (1919), 70 Ind. App. 484, 123 N. E. 648.

Section 1389 Burns 1926 makes provision for the appointment of a judge *pro tempore*, and so much of the section of the statute as applies, reads as follows: "If, from any cause, any judge of a circuit court shall be unable to attend and preside at any term of said court, or during any day or part of such term, such judge . . . may appoint, in writing, any other judge of a court of record of this state, or any attorney thereof eligible to the office of such a judge, to preside at such term, or during any day or part of said term. Such written appointment shall be entered on the order-book of such court, and such appointee shall, after being sworn, if he be not a judge of a court of record, conduct the business of such court, subject to the same rules and regulations that govern circuit courts in other cases, and shall have the same authority, during the continuance of his ap-

pointment, as the judge elect, or [the judge] making such appointment."

When Judge Curll assumed the bench on November 26, 1929, and approved appellant's appeal bond, the authority of Judge Cox ceased. The Pike Circuit Court could not have two judges *pro tempore* at the same time. In face of the record, we are of the opinion that Hon. W. E. Cox was not judge *pro tempore* on January 7, 1929, at the time he signed the general bill of exceptions.

It has been repeatedly held by the Supreme and Appellate Courts that a person who has presided at the trial of a cause has no power to sign a bill of exceptions and make the same a part of record after he has ceased to be judge (*Cincinnati, etc., R. Co.* v. *Grames* [1893], 8 Ind. App. 112, 34 N. E. 613, 37 N. E. 421); that no person except a judge can sign a bill of exceptions, for the signing of the bill is a judicial act. *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453.

In this case the general bill of exceptions could not become a part of the record without the signature of a judge authorized to sign the bill of exceptions. *Aetna Indemnity Co.* v. *Wassall Clay Co.* (1912), 49 Ind. App. 438, 97 N. E. 562.

The several causes or reasons for a new trial properly presented by appellant depend upon the evidence for their consideration. Inasmuch as the Hon. W. E. Cox, did not have authority to sign the bill, the same is not a part of the record. See *Peters* v. *Peters* (1910), 45 Ind. App. 644, 91 N. E. 509; *Beard* v. *Fenton* (1918), 67 Ind. App. 605, 119 N. E. 495. It necessarily follows that each of appellee's propositions must be upheld in the instant case.

Appellee has filed a motion to dismiss the appeal,

which is denied. No error assigned, however, can be considered on this appeal.

Judgment affirmed.