STATE EX REL. LATHAM *v*. SPENCER CIRCUIT COURT, STUTEVILLE, JUDGE.

[No. 30,358. Filed December 16, 1963.]

*Ralph M. Koehne,* of Evansville, for relator.

*O. H. Roberts, Jr.,* of Evansville, for respondents.

LANDIS, C. J.—This is an original action for writ of mandate to compel respondent court to relieve one O. H. Roberts, Jr., of his duties as prosecuting attorney in a certain statutory proceeding brought under Burns' §10-2323 (1956 Repl.),[1] and to appoint one Ralph M. Koehne as special prosecuting attorney therein, he to serve without compensation from public funds. We issued the alternative writ.

The cause pending in respondent court below is an action under the foregoing statute to recover gambling losses of $35,000 lost by Eugene Latham, Jr., in a game known as "dice". The suit was brought on behalf of the wife and five minor children of the said Lathams and is entitled *State of Indiana ex rel. Martha Latham* v. *Charles W. Lee, Charles W. Lee, Jr.* The action was filed in the Vanderburgh Circuit Court by the above prosecuting attorney, and was taken to respondent court on change of venue.

In the court below, relator filed pursuant to Rule 2-35 of this Court, a verified motion alleging in substance that said prosecuting attorney has demonstrated extreme hostility to and prejudice against relator's interest in the within action in that he delayed and impeded filing the action in the first instance, that he has humiliated and embarrassed relator during conferences with her, that he has since refused to communicate with relator, that he allowed a change of venue of said action to be taken from Vanderburgh County to Spencer County without conferring with or advising

---

1. R. S. 1852, ch. 45, §4, p. 305.

relator when he knew or reasonably could have known the defendant to such action had an undue influence over the inhabitants of said Spencer County, Indiana. That said prosecuting attorney's hostility and prejudice against relator's interest renders said official incapable of properly preparing said action for trial and prosecuting same. Relator's verified motion was supported by various exhibits. For all of which reasons, relator moved the court to reconsider, set aside and strike its previous order sustaining the State of Indiana's objections to relator's petition for the appointment of counsel to prosecute said action.

No pleading was filed in denial of these allegations although the prosecuting attorney filed objections alleging among other things that the laws of Indiana do not permit the appointment of a special prosecuting attorney in such cases, at least not unless requested by the prosecuting attorney, and that no such request had been made.

The office of prosecuting attorney is a constitutional office, §11 of Art. 7 of the Constitution of Indiana, providing:

> "There shall be elected in each judicial circuit by the voters thereof a prosecuting attorney, who shall hold his office for four years . . . ."

Section 12 of Art. 7 provides:

> "Any Judge or Prosecuting Attorney, who shall have been convicted of corruption or other high crime, may, on information in the name of the State, be removed from office by the Supreme Court, or in such other manner as may be prescribed by law."

The Constitution does not, however, prescribe the duties of prosecuting attorneys but their duties in

general terms are prescribed by statute. *State ex rel.* v. *Ellis* (1961,) 184 Ind. 307, 112 N. E. 98.

And while prosecuting attorneys are concerned primarily with representing the State of Indiana in criminal matters, there are many statutes requiring them to perform duties also in proceedings of a civil nature as in the case at bar. See: Burns' §§2-229, 3-1212, 3-2013, 10-2323, 28-312, 23-120.[2]

A prosecuting attorney is a judicial officer (*The State* v. *Henning* 1870, 33 Ind. 189), and an officer of the court (*People* v. *May,* 1855, 3 Mich. 598, 605), and while his official duties comprehend a wider field than those of an attorney solely, his conduct in the trial of causes is subject to fully as high standards and scrutiny as is that of attorneys generally. The preservation of proper standards of conduct by attorneys and prosecuting attorneys as to matters pending in the court is a proper subject for the courts, which are charged with the control of the judicial branch of the government.

In the case before us the only evidence introduced before the lower court was in affidavit form. Relator's verified motion alleged hostility and prejudice against her interest on the part of the prosecuting attorney in a number of respects as heretofore set forth. The prosecuting attorney has not denied such allegations before respondent court. We have heretofore held that when affidavits are contemplated in proceedings before the lower court and the matters averred in such proponent's affidavits are not denied or controverted by the opposing party, the facts stated

---

2. Acts 1933, ch. 255, §1, p. 1137; Acts 1873, ch. 43, §26, p. 107; Acts 1881 (Spec. Sess.), ch. 38, §826, p. 240; 1 R. S. 1852, ch. 45, §4, p. 305; Acts 1865, ch. 1, §126, p. 3; Acts 1907, ch. 243, §5, p. 490; Acts 1923, ch. 82, §1, p. 252.

in said affidavit may be deemed to be admitted for the purpose of the court's ruling upon such matter. *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143; *Hood, by his next Friend, Hood* v. *Pearson* (1879), 67 Ind. 368.

It is elementary that an attorney cannot properly represent a client in a law suit over the latter's objection when the attorney maintains an antagonistic attitude or hostile interest toward such client. See: 7 C. J. S., Attorney and Client, §§125, 126, p. 957; 7 Am. Jur. 2d, Attorneys at Law, §§93, 94, p. 105. For cases in which a prosecuting attorney has been held disqualified to act because of interest or conflict of interest in the case, See: 27 C. J. S., District and Prosecuting Attorneys, 12(6), p. 663. In our judgment the admission of hostility and antagonism in interest by failure to deny relator's allegations in the case before us had the effect of rendering disqualified the regular prosecuting attorney in such proceeding and placing upon respondent court the mandatory duty to appoint a special prosecutor in such case when such matter was brought before it in proper proceedings by relator. The decisions of this state abundantly recognize the duty of the trial court to appoint a special prosecuting attorney in event of the disqualification of the regular prosecuting attorney. See: *State ex rel.* v. *Ellis* (1916), *supra,* 184 Ind. 307, 112 N. E. 98, and cases therein cited. See also: *Perfect* v. *State* (1926), 197 Ind. 401, 141 N. E. 52.

Respondent has contended without merit that the question of the prosecuting attorney's disqualification cannot be raised by relatrix as she is not a party to the action, the only parties being the State of Indiana as plaintiff, and the defendant. This argument is tantamount to saying that the question of the prosecuting attorney's disqualification in having a

hostile and prejudicial interest toward the maintenance of the action in the lower court could only be raised by the State itself, which is represented in the case by none other than the prosecuting attorney. Or in other words, the prosecuting attorney would have to raise the question of his own disqualification for bias or hostile interest, or it could not be raised. The authorities are squarely against respondents' contention in this respect, and decisions of this state have considered the question of the prosecutor's disqualification when raised by such non-parties as the grand jury,[3] and the court itself on its own motion.[4] No plausible reason has been advanced why the question could not be raised by relatrix for whose benefit the instant action was brought.[5]

This is not a case where lack of intellect, learning, or moral courage can be said to have been the cause of the failure of the prosecuting attorney to act, but on the contrary, the lower court here was presented with a factual situation which from the record showed the prosecuting attorney's inability properly to conduct the proceedings was due to antagonism and hostile interest toward relatrix for whose benefit the action was brought. To hold that the lower court, under such facts, was under no clear duty to act to relieve the prosecuting attorney of his duties and appoint a special prosecutor would in our judgment amount to an abdication from judicial responsibility

3. *State ex rel.* v. *Ellis* (1916), 184 Ind. 307, 112 N. E. 98.

4. *Perfect* v. *State* (1926), 197 Ind. 401, 141 N. E. 52.

5. Burns' §10-2323 (1956 Repl.), *supra*, 1 R. S. 1852, ch. 45, §4, p. 305. See also: *Tyler* v. *Davis* (1905), 37 Ind. App. 557, 566, 75 N. E. 3, 6, holding that the wife is the proper plaintiff in an action to enforce a judgment recovered in the name of the state under this statute for money lost by her husband at gambling.

in a case where such attorney has in effect conceded his incapacity to proceed. And in such a case authorities of this state have recognized that the responsibility of the trial court to appoint a special prosecutor is not dependent upon the desires of the prosecuting attorney, but a special prosecutor should be appointed where there is a judicial determination of the fact of disqualification after an opportunity for the regular prosecutor to be heard, and this would necessarily include cases in which the regular prosecuting attorney has in effect admitted disqualification or incapacity.

In fact, the situation here presented is not unlike that of a judge who admits bias, prejudice, or interest toward one side in litigation before him, and who, being thereby incapacitated, is under a duty to disqualify himself in such a case. 48 C. J. S., Judges, §93, p. 1079; 30A Am. Jur., Judges, §206, p. 107.

As heretofore indicated, in the case before us, the record reveals this is a case of admitted antagonism and hostile interest with resultant disqualification of the prosecuting attorney.

The alternative writ heretofore issued is modified to delete therefrom the portion directing respondent court " . . . to appoint Ralph M. Koehne as special prosecuting attorney, he to serve without fee or compensation from public funds . . . " in the cause below and to substitute in lieu thereof that respondent court is directed " . . . to appoint a special prosecuting attorney in said cause," and the alternative writ as so modified is now made permanent.

Achor, Arterburn and Myers, JJ., concur; Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—Bearing in mind that this is an original action instituted in this court to mandate respondent court to appoint a special prosecutor and in view of the fact that by precedent, rule, reason and stare decisis, mandate is granted only to compel the performance of a clear duty or to confine a court within its lawful jurisdiction, the majority opinion, in my opinion, is erroneous and I am compelled to, and do, dissent thereto.

The factual situation disclosed by the record before us discloses that pursuant to §10-2323, Burns' 1956 Replacement, O. H. Roberts, Jr., Prosecuting Attorney for the First Judicial Circuit of Indiana, instituted, at relator's request, an action and "Suit for Recovery of Gaming Losses" in the Probate Court of Vanderburgh County at the March Term, 1962, such suit being Numbered 62-585 on the dockets thereof.

That thereafter, at the September Term, 1962, Martha Latham filed in the Spencer Circuit Court an instrument denominated "Authority To Attorney" which omitting caption and signature reads as follows:

"Martha Latham, the relatrix in the within cause of action, does hereby authorize Ralph M. Koehne, a practicing attorney of Vanderburgh County, Indiana, to enter his appearance for and in behalf of the relatrix in this cause and further authorizes said attorney to take such action which he may deem necessary to bring the within action to issue and to prosecute same to its final conclusion."

Thereafter on September 8, 1962, relatrix filed in respondent court a pleading wherein she "moves the court for an order allowing the appearance of her attorney, Ralph M. Koehne, to enter his appearance for and on behalf of the relatrix in the within cause of action. Said Martha Latham files as a part of her within mo-

tion her written authority for Ralph M. Koehne to appear as her attorney in this cause."

Thereafter, at the September Term, 1962, of the Spencer Circuit Court objection was filed to the motion which, omitting caption and signature thereto, reads as follows:

"The State of Indiana, by O. H. Roberts, Jr., Prosecuting Attorney for the First Judicial Circuit of Indiana, for objection herein, avers:

"1. That said cause of action is filed, pursuant to the provisions of Burns' Indiana Statutes, 1956, Replacement Section 10-2323, which provides that it is the duty of the prosecuting attorney to sue for and recover gaming losses, when an information is filed with him and when the person losing money or valuable thing has not sued personally, within six months after the alleged loss.

"2. That no provision is made in the statute, for the appearance of private counsel on behalf of the Relatrix or the filing of a personal action by her, other than as provided in Burns', Section 10-2323.

"3. That the laws of Indiana do not permit the appointment of a Special Prosecutor in such cases, at least not unless requested by the Prosecuting Attorney. That no such request has been made.

"WHEREFORE, the State of Indiana prays that the motion of the Relatrix, Martha Latham, be overruled."

At the November Term, 1962, of the Spencer Circuit Court the respondent Judge sustained the State's objection to the petition for Ralph Koehne to enter the cause as attorney for relatrix, Martha Latham.

Thereafter, at the November Term, 1962, of the Spencer Circuit Court, Martha Latham filed a pleading demoninated "Motion Pursuant To Indiana Supreme Court Rule 2-35" which motion, omitting caption and signature, reads as follows:

"Martha Latham, for and on behalf of whom the within action was commenced, respectfully moves the Court, pursuant to Indiana Supreme Court Rule 2-35, to reconsider, set aside and strike from the records herein the Court's order dated November 17, 1962, which appears as follows:

" 'The Court having under advisement plaintiff's objection to the petition for Ralph Koehne to enter this cause as attorney for the relatrix, Martha Latham, now sustains plaintiff's objections, to which ruling of the court the relatrix and Ralph Koehne at the time except. Defendants ruled to answer December 3, 1962.'

"Martha Latham represents that by its said order the Court has acted in want of its jurisdiction and the effect of said order denies her adequate counsel and representation in the within action.

"Martha Latham respectfully represents and would show the Court that the within action was brought under the provisions of Burns' Indiana Statutes, Annotated, Volume 4, Part 2, 1956 Replacement, Section 10-2323, to recover of defendants certain gambling losses; that the within action was instituted in the Vanderburgh Probate Court, Vanderburgh County, Indiana, and filed by O. H. Roberts, Jr., Prosecuting Attorney for the First Judicial District of Indiana, who is the official responsible under said statute for the prosecution of this action.

"Martha Latham respectfully represents and would show the Court that at all time since she initially requested said O. H. Roberts, Jr., to institute the within action that said officer has demonstrated extreme hostility to and prejudice against her interest in the within action; that said official's hostility and prejudice is more specifically set forth in her verified affidavit and exhibits thereto which are attached to this motion and made a part hereof, which for the purposes of identification is marked 'Exhibit A.'

"Martha Latham further represents and would show the Court that the hostility and prejudice demonstrated by said O. H. Roberts, Jr., had adversely affected and will continue to adversely affect her interest in the within action and she will suffer

irreparable injury unless the Court grants the relief herein prayed.

"WHEREFORE, Martha Latham moves the Court under Indiana Supreme Court Rule 2-35, and prays for:

"1. An order setting aside, vacating and striking the Court's order dated November 17, 1962, from the record;

"2. An order dismissing said O. H. Roberts, Jr., as counsel in the within action and prohibiting his further activity in this cause;

"3. An order appointing a special prosecuting attorney for the further prosecution of the within action;

"4. That the Court fix a date and time, at the earliest convenience of the Court, for a hearing upon the matters contained in the within motion, or, in the alternative, that the Court promptly make its ruling hereon without hearing.

/s/ Martha Latham
Martha Latham

"State of Indiana

SS:

Vanderburgh County

"MARTHA LATHAM, being first duly sworn upon her oath, says; she is the plaintiff in the above ex rel. proceedings; that she has read the above and foregoing Motion Pursuant to Indiana Supreme Court Rule 2-35 and that the matters contained therein are true as she verily believes.

/s/ Martha Latham
Martha Latham

"Subscribed and sworn to before me, a Notary Public in and for said County and State, this 29 day of November, 1962.

My comm. expires:
3/29/63

/s/ Jettie Moore
Notary Public

(SEAL)

"STATE OF INDIANA

SS: AFFIDAVIT

VANDERBURGH COUNTY

"MARTHA LATHAM, having been first duly sworn and upon oath, in support of her motion filed pursuant to Indiana Supreme Court Rule 2-35, in the Spencer Circuit Court, being Cause No. 6190, to which this affidavit is attached and made a part thereof, says:

"1. That O. H. Roberts, Jr., Prosecuting Attorney for the First Judicial District of the State of Indiana, is hostile to affiant and prejudiced against her interest in said action.

"2. That said O. H. Roberts, Jr., without good cause or justification, arbitrarily delayed and impeded the filing of the within action from March 9, 1962 to May 31, 1962.

"3. That said O. H. Roberts, Jr., unnecessarily and deliberately humiliated and embarrassed affiant during conferences with affiant prior to the filing of this action.

"4. That said O. H. Roberts, Jr., has refused to communicate with affiant.

"5. That said O. H. Roberts, Jr., arbitrarily refused to initiate and file the within action; that only upon affiant's insistence that this cause be filed was action taken by said official; that the correspondence which is attached hereto, marked Exhibits 1, 2 and 3, are offered as evidence of the validity of this statement.

"6. That said O. H. Roberts, Jr., upon defendant's motion for a change of venue from Vanderburgh County, without conferring or advising affiant, allowed the venue of said cause to be established in Spencer County, Indiana.

"7. That said O. H. Roberts, Jr., allowed venue to be established in Spencer County, Indiana, knowing, or with reasonable investigation could have known, that the defendant, Charles W. Lee, exercises undue influence over the inhabitants of said county and that an odium would attach against affiant's interest in said cause because of said defendant's undue influence.

"8. That affiant has good cause to believe and does believe that the hostility demonstrated by O. H. Roberts, Jr., and his prejudice against affiant's interest renders said official incapable of preparing this action for trial and from prosecuting same in the manner and to the degree which is requisite to the fullfillment of his responsibility and duty owing the affiant as her attorney.

"Further affiant sayeth not."

On May 17, 1962, according to relatrix in Exhibit 1, page 10 of the petition for Writ of Mandate she wrote the Prosecuting Attorney demanding suit be filed pursuant to §10-2323, Burns' 1956 Replacement enclosing the affidavit of her husband, Eugene G. Latham, Jr., in the form designated as a "Verified Information."

Subsequently, on May 19, 1962, the Prosecuting Attorney, O. H. Roberts, Jr., wrote Mr. Koehne as follows:

"Mr. Ralph M. Koehne
Attorney at Law
506 Hulman Building
Evansville, Indiana

RE: Eugene E. Latham, Jr.
and Martha Latham

"Dear Ralph:

"I have received by registered mail, return receipt requested, a letter of Mrs. Martha Latham, together with a VERIFIED INFORMATION signed by Eugene G. Latham, Jr., relative to the alleged claim which Mrs. Latham has against Charles W. Lee and Charles W. Lee, Jr. to recover, on her behalf, monies which Eugene G. Latham, Jr. allegedly lost to the Lees by gambling.

"During the several weeks which you have discussed this alleged claim, and your request that I file an ex rel. proceeding against these men on behalf of Mrs. Latham, I have repeatedly told you that if presented the proper proof and corroboration sufficient to give us reason to believe that we could make a case, we would file this action.

I want to again repeat that I still maintain my original position, that when such proof is forthcoming, to justify me in believing that a suit has reasonable possibility of success, such action will be forthcoming. As I have indicated to you previously, you know as a lawyer, that this is a quasi-civil action which requires proof of loss or damage, no different than that of most civil actions for damage or for loss of money.

"You have provided this office with little or nothing more than the uncorroborated story of a man who, to say the least, has been a philanderer and has spent a great deal of money on women, at race tracks and at many places of ill repute. I notice you have filed with the letter to Mrs. Latham a 'VERIFIED INFORMATION.' I do not interpret the statute Section 10-2323 as meaning that upon a mere complaint, charge or 'information' that Prosecutor is obligated to bring action, and the 'VERIFIED INFORMATION' is no proof in and of itself, and I think you, as a lawyer, know that fact.

"Mrs. Latham's letter threatens to 'seek such other remedy as the law affords' if I don't institute such action within 7 days.

"Ralph let me say this very frankly. The door is still open for you to provide this office with corroborative evidence of such losses that would warrant the action being filed. I do not intend to be threatened and I would remind you that statements made in Mrs. Latham's letter border on such threats as are written into Section 10-3204 of Burns' Indiana Statutes on the subject of blackmail.

"I am starting a very difficult trial Monday morning in Sullivan; the Leslie Irvin case. I will be in that trial for several weeks. If, in the meantime, you are able to gather together the corroborative evidence I have discussed with you on many occasions, I will discuss it with you at the conclusion of that trial. If same is found to be sufficient, I will take whatever steps are necessary to bring action on behalf of Mrs. Latham. If she persists in trying to force my taking action without such corroborative evidence and under the pressure of a threat of some other legal proceed-

ing, when I think the ex rel. proceeding is not warranted, I will ask the Circuit Court to call a Grand Jury to investigate this situation. If I am required to do so, your clients, as well as you, will be subject to subpoena.

"My office has too much responsibility to be forced into actions which I think are unwarranted and are designed for nothing but 'pressure' purposes.

"Sincerely yours,
/s/ O. H. Roberts, Jr.
O. H. Roberts, Jr.
Prosecuting Attorney"

Thereafter, on May 22, 1962, Mr. Koehne wrote the Prosecuting Attorney as follows:

Mr. O. H. Roberts, Jr.
Prosecuting Attorney, First Judicial Circuit
1012 Southern Securities Building
Evansville 8, Indiana

"Re: Martha Latham

"Dear Mr. Roberts:

"Thank your for your letter dated May 19, 1962, which has been read to me and in reply thereto I am dictating this letter from a hospital where I expect to remain as a patient for a few days and have authorized my secretary to sign this letter on my behalf.

"It would appear from reading your letter that we do not concur in our construction of Burns' Indiana Statutes, Section 10-2323. I do not find that the statute provides that the information need be corroborated; however, if corroboration must be read into it, you have interrogated two witnesses who told you they witnessed Mr. Latham's loss of money at shooting dice in The Spot.

"Further in relation to corroborating evidence, you have examined Latham's cancelled checks bearing the endorsement of Charles W. Lee, Jr. and Latham has also provided your office with the information which you and your staff specifically required, in-

cluding a summary of funds passing through his hands during the period of time mentioned in the written information which has been provided you.

"The ex rel. proceedings in question, as you must know, does not require proof beyond all reasonable doubt. All that the relatrix must do to recover is to substantiate her claim by a preponderance of the evidence. The amount of any judgment she might recover has no relation to the right to maintain the action.

"It is regretable that you entertain any notion that 'pressure' is being extended to bring about the initiation of the Proceedings in question. It is further regretable that a member of your staff made the accusation there were political motives involved in this matter. To dispel such idea, Mrs. Latham, on my advice, agreed that the matter should rest until after the May, 1962, primary election. It is even more regretable that your letter suggests that the Grand Jury may be called or that action be taken under Section 10-3204, Burns' Indiana Statutes.

"Mr. Roberts, my client has not and is not attempting to compel you to perform any act repugnant to your office. Mrs. Latham, instead, is merely seeking to invoke the remedy which the law gives her. Unless my understanding of the law is erroneous, the statute imposes upon you the responsibility of filing and prosecuting the ex rel. proceeding contemplated by it.

"Appreciative of the fact that you are involved in a difficult trial at this time, I am directing a copy of this letter to your Chief Deputy, Mr. James Y. Wood. My responsibility to Mrs. Latham leaves me no alternative other than to proceed as she may direct.

"Very truly yours,

/s/ Ralph M. Koehne

Ralph M. Koehne"

Thereafter the suit to recover was filed, at the March Term, 1962, of the Vanderburgh Probate Court. We take judicial knowledge of the fact that the March

Term of said court begins March 1st and ends June 1st of each year. *Heacock* v. *Arnold* (1929), 90 Ind. App. 476, 169 N. E. 89; 12 I. L. E., Evidence, §8, p. 419.

In view of the record before us the action of this court in issuing the temporary writ was patently erroneous for the reason that this court had and has no authority, inherent or otherwise, to go behind the action of the Spencer Circuit Court in sustaining the State's objection to the appointment of Ralph M. Koehne. This court has previously stated:

> "It must be clear that the determination as to whether a judge shall spank his prosecuting attorney must be left to the discretion of the judge." *Lake Co. Prop. Own.* v. *Holovachka, Pros. Atty.* (1954), 233 Ind. 509, 511, 120 N. E. 2d 263, 121 N. E. 2d 721.

We point out further that the statutory remedy sought by the relator in the court below is the only remedy she has available and she takes it under the express terms of the statute, without equivocation or alteration, or not at all.

There is in the record before us not even a scintilla of evidence that the Prosecuting Attorney for the First Judicial Circuit of Indiana was derelict in his duty, incapacitated or disqualified to act in his statutory capacity in the action below. Therefore, the Spencer Circuit Court, acting in its discretionary judicial capacity, determined not to appoint a special Prosecuting Attorney and is supported in that determination by the case of *State ex rel.* v. *Ellis* (1916), 184 Ind. 307, 320, 321, 112 N. E. 98, wherein this court said:

> "It is contended by relator that if it be held proper to appoint a special prosecutor here that a judge of a circuit court may arbitrarily appoint a special prosecuting attorney in any case without other restraint than his own will. Warrant for

such contention will not be found in this opinion. We do not hold that because the judge of some court might be of the opinion that a given cause might be better prosecuted by some one other than the regular official, he would, therefore be warranted in appointing such other person as special prosecutor. Neither lack of intellect, learning, nor even moral courage, in prosecuting attorney, judge or other elective officer, constitutes a disqualification to act officially, and a judge would no more be justified in supplanting a prosecuting attorney for such deficiency than would the latter be warranted in demanding a more learned, and conscientious and capable judge to hear the causes he must prosecute. The responsibility for lack of capacity in officers must rest on the people who elected them. *State* v. *Flavin, supra.* [(1915), 35 S. Dak. 530, 153 N. W. 296]"

And, again in *State ex rel. Spencer* v. *Criminal Court, Marion Co.* (1938), 214 Ind. 551, 556, 557, 15 N. E. 2d 1020, this court in making permanent a temporary writ of prohibition prohibiting respondents from interfering with relator in the performance of his official duties as prosecuting attorney, held as follows:

"An examination of the decisions hereafter cited discloses that the principles involved are well settled. In the Williams case the difference between the majority and minority seems to have involved a question of fact rather than one of law. The prosecuting attorney is a constitutional judicial officer, elected by the people, and removable only by impeachment. In him is vested discretionary judicial power to investigate and determine who shall be prosecuted and who shall not be prosecuted. If he fails to exercise his official discretion, honestly and impartially, the remedy is by impeachment. Judges and courts may not substitute their discretion for that of the prosecuting attorney. Inquisitorial powers are vested in the office of the prosecutor and in grand juries, and not in judges and courts. The statute authorizes courts to appoint special prosecutors where the regular

prosecutor does not attend at the term. In the early cases it was suggested that this power to appoint was inherent in the court, but, in the later cases, this view has been disapproved, and it has been thought that it arises rather by implication from the legislative appointive power expressly conferred. It cannot be doubted that, where it is established that the prosecuting attorney is an interested party, or otherwise clearly incapacitated, the court may appoint an attorney to represent the interests of the state. But this may not be done upon mere suspicion or rumor, and upon the mere ex parte motion of the judge, and the decisions disclose that in the cases where the appointment of a special prosecutor was upheld, the regular prosecutor had admitted disqualification or incapacity. The reasoning in the opinions would seem to clearly indicate that a special prosecutor may not be appointed to exercise the functions of the office over the objection of the regular prosecuting attorney, without a judicial determination of the fact of disqualification or interest after an opportunity for the regular prosecutor to be heard. It may not be done upon the mere suspicion of the judge that the prosecutor may not adequately and impartially perform his duties. (Citing authorities.)"

Respondents in their brief call the court's attention to the case of *Ervin et al.* v. *The State, ex rel. Walley* (1898), 150 Ind. 332, 341, 342, 48 N. E. 249, as follows:

"This was an action to recover for a wife in the name of the state, certain gaming losses of the husband. The action was brought by the State 'ex rel. Walley.' It was contended in that case that the state alone was the only proper party plaintiff and that the action should have been brought in the name of the state alone and not in the name of the state on relation. On this point, the court held as follows:

" 'It is further contended that the State alone is the only proper party plaintiff, where, as here, the action is brought for the benefit of the wife of the loser. The statute quoted requires the action in such cases as this to be brought in the name of

the State. That means that the State must be the plaintiff. It requires no relator. *Shane* v. *Francis,* 30 Ind. 92. But the action here is brought in the name of the State as plaintiff. The relator is not a party plaintiff, but is simply a relator. If she becomes a party plaintiff by being named as a relator, it would make the complaint bad in every paragraph for want of sufficient facts. This is so, because the right of action is not vested in her by the statute; and it has been long settled in this court that a complaint by several plaintiffs that fails to state a cause of action in favor of any one or more of them is bad on demurrer for want of sufficient facts as to all of them so joined. *Mave* v. *Hadley,* 74 Ind. 155; *Schee* v. *Wiseman,* 79 Ind. 389; *AEtna Ins. Co.* v. *Kittles,* 81 Ind. 96; *Headrick* v. *Brattain,* 83 Ind. 188; *Thomas* v. *Irwin,* 90 Ind. 557; *Field* v. *Holzman,* 93 Ind. 205; *Jones* v. *Cardwell,* 98 Ind. 331; *Holsman* v. *Hibben,* 100 Ind. 338; *Brumfield* v. *Drook,* 101 Ind. 190; *Ohio, etc., R. W. Co.* v. *Cosby,* 107 Ind. 32; *Brown* v. *Critchell,* 110 Ind. 31; *Peters* v. *Guthrie,* 119 Ind. 44; *Kelley* v. *Adams,* 120 Ind. 340; *Pfister* v. *Gerwig,* 122 Ind. 567; *Renihan* v. *Wright,* 125 Ind. 536; *Lake Erie, etc., R. R. Co.* v. *Priest,* 131 Ind. 413. But the naming of the relator not having the effect of making her a party plaintiff, the State is the sole party plaintiff, and the action was prosecuted in its name as plaintiff. Hence that part of the complaint naming Nellie A. Walley as relator is mere surplusage and does not vitiate the complaint.'

"As in the Walley case, the case before this Court was brought in the name of the state on the relation of the wife to recover gaming losses of the husband and as in the Walley case the naming of the relator in this cause of action does not have the effect of making her a party plaintiff because the right of action is not vested in her by the statute. This principle was upheld by this court as recently as February 5, 1963, in the case of *William T. Allison* v. *State ex rel. Allison* [(1963), 243 Ind. 489, 187 N. E. 2d 565] Indiana Decisions & Law Reporter, Volume 1, Number 5."

The statement in the majority opinion to the effect that "[i]t is elementary that an attorney cannot properly represent a client in a law suit over the latter's objection when the attorney maintains an antagonistic attitude or hostile interest toward such client" is ordinarily true and generally we find no fault therewith, however, such statement is not relevant or controlling in the case at bar for the reason that relator is not a party plaintiff in this action and consequently had no standing in the court below and has none here.

The majority opinion in the case at bar represents a radical departure from the usual procedure in original actions, and the conclusions reached therein as to the factual and legal situation as it existed in the respondent court is not supported by the record brought to this court. To arrive at the conclusions drawn by the majority opinion it is necessary to accept at face value relator's statements in the court below and in this original action, and to disregard the record before us, as well as to substitute our judgment, guess or whim, in place of the judicial determination of the trial (respondent) court adverse to the contentions of the relator.[1] As previously stated in this dissent, this is an original action, not an appeal. The majority opinion is erroneous, is bad law, and will, and should, haunt this court.

The temporary writ should be dissolved and the permanent writ denied.

NOTE.—Reported in 194 N. E. 2d 606.

---

1. *State of Indiana, ex rel. Fair Share Organization, et al.* v. *The Newton Circuit Court* (1963), 191 N. E. 2d 1, 3.