William R. Mott Sumner County Attorney Sumner County Courthouse 500 North Washington Wellington, Kansas 67152-0497
Dear Mr. Mott:
You request our opinion on the legality of the diversion program you have proposed for speeding infractions charged in Sumner County. We limit our opinion to the specific questions you ask. You first inquire whether speeding infraction diversions that require defendants to pay diversion fees in excess of actual diversion program costs and/or donations to charity violate K.S.A. 21-3807.
K.S.A. 21-3807 states in part:
 "Compounding a crime is accepting or agreeing to accept anything of value as consideration for a promise: (1) Not to initiate or aid in the prosecution of a person who has committed a crime; or (2) to intentionally conceal or destroy evidence of a crime."
Compounding or concealing a crime was derived from the common law concept of "theftbote" where the party robbed knew the thief and took his stolen goods back or accepted other amends on agreement not to prosecute. "The gravamen of the offense of compounding, or theftbote as it was once called, consists in the stifling of a public prosecution, or in some way perverting public justice." 15A C.J.S. CompoundingOffenses § 1a (1967). While most jurisdictions no longer limit compounding to the victim, there is limited authority indicating that a prosecuting attorney may be held liable for such actions. See State v. Henning,33 Ind. 189 (1870). There are few Kansas cases concerning this crime and we could find none wherein a prosecutor was charged with violation of K.S.A. 21-3807.
The fundamental rule of statutory construction is that the intent of the Legislature controls. Florida Dept. ofHRS v. Breeden, 21 Kan. App. 2d 490, 498 (1995). In 1978 the Legislature created formal diversion procedures, codified at K.S.A. 22-2906 through 22-2912. L. 1978, Ch. 131, § 1-7. Those statutes indicate the Legislature's intent to provide for diversion programs throughout the State and to create uniform requirements for prosecutors to follow in carrying out those programs. K.S.A. 22-2907(2) provides that "[e]ach district attorney shall adopt written policies and guidelines for the implementation of a diversion program in accordance with this act." K.S.A. 22-2906 defines "diversion agreement" as "the specification of formal terms and conditions which a defendant must fulfill in order to have the charges against him or her dismissed." K.S.A. 22-2909 states:
 "A diversion agreement shall provide that if the defendant fulfills the obligations of the program described therein, as determined by the attorney general or county or district attorney, such attorney shall act to have the criminal charges against the defendant dismissed with prejudice. . . . The diversion agreement may include, but is not limited to, provisions concerning payment of restitution, including court costs and diversion costs. . . ." (Emphasis added.)
Attorney General Robert Stephan concluded that a county attorney has great discretion in fashioning a diversion agreement and requiring a defendant to make a contribution to charity as a condition of diversion is within that discretion. Attorney General Opinion No.93-120. See Attorney General Opinion No. 84-15 concerning determination of diversion costs.
Other established rules of statutory construction provide that an older statute is subordinate to a newer one if the statutes conflict, and "a statute complete in itself, relating to a specific thing, takes precedence over general statutes or over other statutes which deal only incidentally with the same question or which might be construed to relate to it." Breeden,21 Kan. App. 2d at 497. Because K.S.A. 22-2906 through 22-2912 relate specifically to diversion and were enacted more recently than K.S.A. 21-3807, they take precedence in expressing the legislative intent that a prosecutor is not subject to the offense of compounding a crime by participating in a diversion agreement. In our opinion, a speeding infraction diversion agreement which requires the defendant to pay diversion fees in excess of actual diversion supervision costs and/or to make a donation to charity does not constitute compounding a crime under K.S.A. 21-3807, provided the agreement meets other statutory requirements for diversion under K.S.A. 22-2906et seq.
Your second inquiry concerns compliance with K.S.A.22-2907(3) which states that "[e]ach defendant shall be informed in writing of the diversion program and the policies and guidelines adopted by the district attorney." You ask how speeding infraction diversions can comply with this provision when traffic citations are issued directly to the offender who may pay the fine without an appearance before the judge or prosecutor. The diversion statutes which appear in the code of criminal procedure clearly contemplate a defendant's appearance in court, however in Attorney General Opinion No. 97-34 we opined that although a county attorney has prosecutorial discretion to offer a pay and dismiss policy for speeding offenses, such policy is a diversion and must comply with statutory diversion requirements.
According to a well-established maxim of statutory construction, expressio unius est exclusio alterius, if the Legislature expressly includes specific items in a statute, it intends to exclude any items not included.State Dept. of Administration v. Public EmployeesRelations Bd., 257 Kan. 275, 291 (1995). If the Legislature intended to prohibit diversion for traffic offenders it could easily have included traffic offenses with the other offenses for which diversion is prohibited under K.S.A. 22-2908(b). Because traffic offenses are not included in the list of prohibitions, we believe that they may be included under the diversion statutes.
In Aves v. Shah, 258 Kan. 506 (1995), the Court reviewed other rules of statutory construction. The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs when that intent can be ascertained. Aves, 258 Kan. at 512.
 "In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law." Aves, 258 Kan. at 513, quoting Todd v. Kelly, 251 Kan. 512, 516 (1992). (Emphasis in original).
A court must also presume that the Legislature intends that an act be interpreted reasonably to avoid unreasonable or absurd results. Foulk v. ColonialTerrace, 20 Kan. App. 2d 277, 284 (1994); Todd,
251 Kan. at 520. "A construction of a statute should be avoided which would render the application of the statute impractical or inconvenient, or which would require the performance of a vain, idle, or futile thing, or attempt to require the performance of an impossible act." Mendenhall v. Roberts,17 Kan. App. 2d 34, 42 (1992).
The Court has found that in enacting diversion statutes, "the objective sought by the legislature would appear to be to encourage a uniform procedure to provide an alternative to formal conviction of first-time offenders." State v. Greenlee, 228 Kan. 712, 718
(1980). If K.S.A. 22-2907(3) is interpreted according to the strict letter of the law, county attorneys would be denied the option of using diversion agreements for traffic offenders solely because it may be impossible to inform each and every traffic offender of the diversion program. This conclusion is unreasonable and contravenes the Legislature's purpose in providing a uniform procedure for county attorneys to follow.
If the purpose of the notification requirement is to safeguard a defendant from discrimination by a prosecutor, not informing a traffic offender who does not appear before the court does not violate that purpose because the prosecutor has no control over which traffic offenders make a written rather than a physical court appearance. That decision is made solely by the defendant. In order to meet the notification requirement, the traffic citation form could include notification of diversion and provide for waiving any right to divert along with waiving the right to trial by signing and sending in the citation with the fine payment. Another alternative is to provide copies of diversion policies and guidelines to all law enforcement officers who write traffic citations in the county, and request that the officers provide them to traffic offenders along with the citation.
Although a county attorney has prosecutorial discretion to dismiss a traffic citation without a diversion agreement, in order to carry out the legislative objective to create uniform diversion policies, a county attorney should follow the statutory diversion requirements for traffic offense diversions. In our opinion, the notification provision of K.S.A.22-2907(3), when read in light of the purpose of the entire diversion act, does not prevent a county attorney from offering diversion to traffic offenders even though it may be impossible to inform each offender of the diversion policies and guidelines.
Your final question concerns whether in offering diversion for traffic offenders a county attorney can comply with K.S.A. 22-2908(a) which provides in part:
 "In determining whether diversion of a defendant is in the interests of justice and of benefit to the defendant and the community, the county or district attorney shall consider at least the following factors among all factors considered: . . . (3) whether the defendant is a first-time offender and if the defendant has previously participated in diversion, according to the certification of the Kansas bureau of investigation or the division of vehicles of the department of revenue. . . ." (Emphasis added.)
You note that the State does not keep records of speeding infraction diversions. Therefore, the only indication of whether the defendant has previously participated in diversion is the defendant's own assertion. K.S.A. 22-2908(a) provides a list of guidelines for the prosecutor to consider. The fact that certification by the State may not exist does not prohibit the county attorney's consideration of the matter. In Greenlee, the Court recognized that a district attorney has discretion in deciding when to offer diversion after considering any particular factor or combination of factors listed in K.S.A. 22-2908.228 Kan. at 720. In our opinion, consideration of the information provided by a defendant along with any available records of the Kansas Bureau of Investigation or Department of Revenue constitutes compliance with K.S.A. 22-2908(a)(3).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Attorney General of Kansas
CJS:JLM:DMV:jm