ALLISON v. STATE EX REL. ALLISON ET AL.

[No. 30,274. Filed February 5, 1963.]

C. K. *McCormack* and *Joseph T. Mazelin*, both of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, and *William D. Ruckelshaus*, Assistant Attorney General, for appellee, State of Indiana.

*Lynnville G. Miles*, of Indianapolis, for appellee Lillian Allison.

ARTERBURN, J.—This is an appeal from an action for indirect criminal contempt. An affidavit was filed and sworn to by Lillian Allison, entitled and reading as follows:

"STATE OF INDIANA  
COUNTY OF MARION  SS.:

IN THE SUPERIOR COURT OF MARION COUNTY CAUSE NO. S62-520 ROOM NO. 5

STATE OF INDIANA ON THE RELATION OF LILLIAN ALLISON, v. WILLIAM T. ALLISON

PETITION AND AFFIDAVIT FOR CRIMINAL CONTEMPT

Comes now the State of Indiana on the relation of Lillian Allison and alleges:

1. That heretofore, on or about 7 of December 1961 the petitioner, Lillian Allison, filed her Verified Petition for Divorce and Restraining Order which petition is as follows: (H.I.)

And the said petition for Divorce was filed in the Superior Court of Marion County, Room No. 3 and was docketed under Cause No. S61-8153;

2. And the said Superior Court did on or about 7 of December 1961 issue its Order restraining and enjoining the defendant, William T. Allison, from ' . . . bothering this plaintiff in any manner whatsoever at any place where she may be . . .' and the said defendant was further enjoined as follows:

' . . . William T. Allison be and is hereby restrained and enjoined from coming on or about her place of residence, same being 5123 North Illinois Street, Indianapolis, Indiana . . .'

3. That on or about the 18th day of January, 1962 and while such order was still in full force and effect, the defendant, William T. Allison, did enter upon the premises of the plaintiff, the same being 5123 North Illinois Street, and did then and there remove and cause to be removed the property of Lillian Allison and enter upon the above described premises and did dump the plaintiff's clothing and effects out of furniture and did remove her furniture from her home.

4. That the defendant did obtain through a Justice of Peace Court an Order in replevin without notice to this plaintiff and did bring many persons upon the plaintiff's premises and that they did enter upon said premises, made threats to the plaintiff, cut the telephone wires so that she could not call out and did then interfere with her control and custody of the parties' minor children all in violation of the Restraining Order heretofore issued.

5. That the acts of the defendant were deliberately intended to defy the Order of this Court heretofore issued.

WHEREFORE, affiant asks that a rule issue against the said defendant requiring him to appear before this Court at a time to be fixed

by this Court to show cause why he should not be punished for such contempt.

Phillip L. Bayt,
Prosecuting Attorney
by (signed) Francis E. Thomason
Deputy Prosecutor
(Signed) Lillian Allison
Affiant."

This affidavit was subscribed and sworn to before Lynnville G. Miles, a Notary Public, under the date of January 19, 1962.

Upon this petition, a rule was issued ordering the defendant to show cause "why he should not be attached and punished for contempt." The trial judge made an entry disqualifying himself under Burns' §3-911 and named three attorneys as a special panel for the selection of a special judge. The State, through its prosecuting attorney, and the defendant through his counsel, each struck a name, leaving Judson F. Haggerty as Special Judge to try the cause. On February 13, 1962, the special judge entered a default judgment against the appellant, finding him guilty of criminal contempt, fining him $25.00 and sentencing him to sixty [60] days at the Indiana State Farm. However, upon motion and by agreement of the parties, the default judgment was set aside and the matter was set for hearing on March 8, 1962. After an application for change of judge by the appellant was overruled, he filed a motion to quash and a motion to reconsider the ruling on change of judge, and then filed a verified answer in purgation. The court, finding the answer insufficient, found the appellant in contempt of court and fined him $25.00 and sixty [60] days at the Indiana State Farm.

We first consider the items alleged in the motion to quash, that the criminal contempt action was not

brought in the name of the State of Indiana and that the rule to show cause does not cite the facts which are alleged to constitute the contempt with sufficient certainty. The latter contention may be quickly disposed of by referring to the record which shows that the affidavit filed was "made a part" of the rule to show cause. The affidavit filed in the proceeding was also attached to and made a part of the papers served upon the appellant, and he therefore was sufficiently informed of the charge made against him. 2 Ewbanks, Indiana Criminal Law §§638-39, pp. 416-17 (Symmes Ed.).

When a proceeding for indirect criminal contempt is instituted, an affidavit must be filed, verified by the oath of the informant and upon his personal responsibility. (Burns' §3-908) Such was the case here. It must also be filed as an independent action, as distinct from one filed as civil contempt in another proceeding. In this case the proceeding is an independent action, separate from that of the original divorce case out of which the controversy grew. The action must also be prosecuted by the State. The acts constituting the criminal contempt "must be characterized by a deliberate intention to defy the authority of the court." *Denny* v. *State ex inf. Brady* (1932), 203 Ind. 682, 707, 182 N. E. 313, 321; Burns' §§3-903 and 4-1414.

Appellant's contention that the proper caption should have been "State of Indiana" instead of "State of Indiana ex rel. Allison" is grounded on the argument that the real party in interest is the State of Indiana and not an individual acting in a private capacity, as in civil contempt proceedings providing a private remedy. The party harmed in the case of criminal contempt is the State and not a private

individual (as in the case of a civil contempt). That the present case is a criminal contempt proceeding is conceded by the appellant both in his brief and in his memorandum to his motion to quash. The case has thus been characterized throughout the trial court as a criminal contempt proceeding. In this case the prosecuting attorney signed the affidavit and, so far as the record shows, has prosecuted the action on behalf of the State of Indiana.

In *Ervin et al.* v. *The State ex rel. Walley* (1897), 150 Ind. 332, 48 N. E. 249, the statute provided that a wife could recover gambling losses of the husband in the name of the State. 2 Ewbanks, Indiana Criminal Law §638, p. 416 (Symmes Ed.). The action was brought by the State "ex rel. Walley." The court said:

"But the naming of the relator not having the effect of making her a party plaintiff, the State is the sole party plaintiff, and the action was prosecuted in its name as plaintiff. Hence that part of the complaint naming Nellie A. Walley as relator is mere surplusage and does not vitiate the complaint."

We find nothing in *Denny* v. *State ex inf. Brady* (1932), 203 Ind. 682, 182 N. E. 313 which would conflict with our holding such matter to be surplusage. Although the better practice would be to entitle a criminal contempt proceeding as simply brought by the State of Indiana alone, the fact that an improper party was also joined as a petitioner or plaintiff does not nullify the existence of a proper party.

The motion to quash further urges that the affidavit does not allege facts constituting a public

offense. Although "public offense" may not be sufficiently specific in an indirect contempt proceeding to identify the acts constituting such contempt, we pass such question by to reach the merits of the point. It is specifically urged that the appellant was charged with violating the original order, without any reference to a subsequently modified order of the court. The original order provided that the defendant was restrained from "bothering this plaintiff in any manner whatsoever in any place where she may be. ..." and "William T. Allison be and he is hereby restrained and enjoined from coming on or about her place of residence, being 5123 North Illinois Street, Indianapolis, Indiana. ...." The appellant contends in his brief that this order was modified (as stated in the answer of purgation) to the extent that the plaintiff (the wife) "is to make available to the defendant all office equipment, books, records and all notes and contracts." There is no record or transcript supporting such a fact so far as to be applicable in a motion to quash the charge, other than the allegation in the answer just referred to. The charge as filed shows that the appellant deliberately defied the court's order not to molest or bother his wife pending the divorce action, and that he "did enter upon the premises of the plaintiff ... and did then remove and cause to be removed property of Lillian Allison ... and did dump the plaintiff's clothing and effects out of furniture and did remove her furniture from her home." The allegations further state "that the defendant did obtain through a Justice of Peace Court an order in replevin without notice to this plaintiff and did *bring* many persons on plaintiff's premises and that they did enter upon said premises, made threats to plaintiff, cut the telephone wires so that she could not call out and did then

interfere with her control and custody of the parties' minor children." These appear to us to be sufficient allegations, as tested by the motion to quash, to support a violation of the court's order.

We find no error in the overruling of the motion to quash.

The defendant filed an answer in purgation which he contends is a confession and avoidance. He urges strenuously that he was acting under court authority when he obtained a writ of replevin to go upon the premises with other parties to seize property that belonged to him and which, under the court order, he was entitled to receive. However, the defendant cannot be sustained upon this point for the reason that neither a Justice of Peace court nor any court has jurisdiction to interfere in proceedings over which another higher or coordinate court has jurisdiction, nor with the property there involved. *State ex rel. Indianapolis Produce Terminal, Inc.* v. *Davis* (1962), 243 Ind. 55, 182 N. E. 2d 589; *State ex rel. Pub. Serv. Comm.* v. *Boone C. C., etc.* (1956), 236 Ind. 202, 138 N. E. 2d 4; *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585; 7 I. L. E., Courts, §132, p. 538.

We first point out that appellant's remedy, if he believed he was being denied property held by his wife but to which he was entitled, was to go into the same court with a petition for a citation to compel the delivery of the property pursuant to the court's order. This he failed to do, but saw fit instead to go outside and obtain the help and use of other persons and officers who had no proper right to interfere in the proceedings pending before the divorce court. It is to be noted also that even though the order was modified, stating that

he was entitled to certain books and papers, it did not authorize him to go upon the premises to seize them, nor to bother his wife, nor to trespass upon the premises. This was a direct violation of the court's order, regardless of its modified form. It resulted in a breach of the peace, exactly the very condition which the court's original order was calculated to prevent. His answer fails to deny such an entry and such a violation. He did not deny that he entered upon the premises nor that he, with persons he *brought* onto the premises, dumped plaintiff's property and clothes out of the furniture and cut the telephone wires as well as other alleged acts. If he did not personally do these acts, he brought such violations about by bringing such persons on the premises for the purposes indicated, and he must stand the consequences of the resulting acts brought about by him. Where such violations of a court order stand undenied, it is not sufficient merely to allege that the appellant "at no time did any act with any intention to defy the Court Order heretofore entered against him" or that he "has the highest regard for Court orders." Burns' §3-909; *LaGrange etc.* v. *State* (1958), 238 Ind. 689, 153 N. E. 2d 593; *Burke* v. *The State* (1874), 47 Ind. 528; *Shewmaker* v. *State* (1956), 236 Ind. 49, 138 N. E. 2d 290.

In *Hawkins et al.* v. *The State* (1890), 126 Ind. 294, 26 N. E. 43, the court said:

"Where an information charges that the defendant, in disobedience of an injunction, wrongfully committed specific acts, an answer alleging that the defendants deny that 'they did any of the acts in disobedience of the order of the injunction,' is bad. It is a negative pregnant of the worst form. It admits the performance of the acts, but avers that they were not performed in violation of the injunction, and this is clearly

insufficient; for, if the prohibited acts were performed, the law declares that the injunction was violated."

We find that the answer in purgation was not sufficient to meet the charge filed and that the assignment in the motion for a new trial that the verdict is not sustained by sufficient evidence is not well taken. *Tusing* v. *State* (1961), 241 Ind. 650, 175 N. E. 2d 17; Burns' §3-909; *Evans* v. *The State* (1898), 150 Ind. 651, 50 N. E. 820; *Williams* v. *State* (1954), 223 Ind. 327, 119 N. E. 2d 547.

Finally, the appellant urges that he was entitled to a change of venue from the judge. The statute pertaining to proceedings of this nature reads as follows:

"In all cases of indirect contempt of courts of this state, other than the Supreme or Appellate Courts, and except those growing out of wilfully resisting, hindering, delaying or disobeying any lawful process or order of court, the court against which the alleged contempt may be committed shall, at the time the rule to show cause is issued, nominate three [3] competent and disinterested persons, each of whom shall be an available judge or member of the bar of this state, to be submitted to the parties in the action, from which the state of Indiana, by the prosecuting attorney, and the defendant, shall immediately strike off one of such names each. *The court shall thereupon appoint such person who shall remain unchallenged to preside in said cause as special judge....*" (Our emphasis)  Acts 1931, ch. 26, §1 p. 62, being Burns' §3-911, 1946 Repl.

The record shows that Judge Linder, upon the filing of the affidavit in this case, submitted a panel of three qualified attorneys from which each side struck, leaving as Special Judge, Judson F. Haggerty, as provided by the above statute,

Thereafter, having failed to appear, the defendant was defaulted, although such default was later set aside by agreement and the judgment vacated. Thereupon the appellant filed a motion for a change of venue from the judge, which was overruled. It appears to us that the court was correct in his ruling in view of the statute which provides that the special judge selected as provided "shall remain unchallenged to preside in said cause as special judge." This statute was passed after the case of *Dale* v. *State* (1926), 198 Ind. 110, 150 N. E. 781, 49 A. L. R. 647, in which it was held that a party was not entitled to a change of judge in a criminal contempt action. The appellant has failed to present any authority to the contrary. We think the wording of the statute is plain and the court committed no error in overruling the motion for a change of venue from the special judge.

Finally, it is urged by the appellant that the Marion Superior Court in which the affidavit in this case was filed had no jurisdiction because in the divorce action (a separate proceeding) an application for a change of venue from the county had been filed and the transcript had not yet reached Morgan County, to which the venue was ordered. It must first be pointed out that a criminal contempt proceeding is a separate proceeding from the main action out of which it grew. It is in that respect different from a civil contempt proceeding which is filed in and as part of the main action. Therefore, it necessarily follows, a criminal contempt proceeding being a separate proceeding, its jurisdiction is independent of any other cause of action. The proceeding in criminal contempt has the State as a party, while the original divorce action does not. The fact that in the divorce action a change of venue has been taken and the transcript has not yet reached

another court for such jurisdiction to attach there can in no way affect the jurisdiction of a court in which a separate and independent criminal contempt proceeding is pending. *Denny* v. *State ex inf. Brady* (1932), 203 Ind. 682, 706-07, 182 N. E. 313, 321; *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 175, 147 N. E. 2d 591, 593; Cf., *Gilmour* v. *State* (1952), 230 Ind. 454, 104 N. E. 2d 127.

Judgment affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 187 N. E. 2d 565.