IN THE MATTER OF BIAGIO J. PERRELLO.

[No. 872S113. Filed January 31, 1973. Suspension order filed May 1, 1973.]

## Opinion Concerning Contempt Hearing

HUNTER, J.—We have before us a very rare case of deciding whether the Respondent should be held in contempt of the Supreme Court. The case arises from disciplinary proceedings brought against Respondent. Charges were made against Respondent and a hearing on a Motion for Suspension Pending Prosecution was held on November 14, 1972. The Disciplinary Commission presented several witnesses, all of whom indicated that the Respondent had attempted to solicit business from them in the hallways outside the Marion County Municipal Courts in apparent violation of DR-2-103 and 2-104 of the Code of Professional Responsibility. On November 16, 1972, the hearing officer recommended to this Court that Respondent be suspended from the practice of law pending final determination of the disciplinary action. Pursuant to § 15(b) of A.D. 23, the Supreme Court entered an Order of Suspension on November 20, 1972, in which the Respondent, Biagio J. Perrello, was suspended from the practice of law pending final determination, and he was ordered to cease and desist from any and all further acts and activity as an attorney of law of this State until further notice. On November 21, 1972, the above order of this Court was personally served upon the Respondent.

Subsequent to the suspension, the Disciplinary Commission obtained information that Respondent had been practicing law in defiance of the order of this Court. On December 12, 1972, the Commission sought from this Court an order to show cause why Respondent should not be held in contempt of the order of this Court, that a hearing be held in this matter and Respondent be held in contempt of the Order with such relief as would be necessary and proper.

A hearing was held in this matter on January 3, 1973 and evidence was taken. The evidence indicates that on December

5, 1972, the Respondent, in his office, entered into a contract of employment with Bobby Minor, in which the Respondent was to represent Mr. Minor as his attorney as to criminal charges pending against him in Marion County Municipal Court. Mr. Minor signed a contract which called for a total fee of five hundred dollars and paid the Respondent fifty dollars of the fee at that time. This is clearly holding oneself out as an attorney and engaging in the practice of law in violation of the Order of Suspension issued by this Court.

Respondent was found to be in indirect criminal contempt of the Supreme Court of Indiana. He was sentenced to thirty days on the Indiana State Farm.

IC 1971, 33-2-1-4 (Ind. Ann. Stat. § 4-110 [1968 Repl.]) gives the Supreme Court of Indiana "full power . . . to punish by fine and imprisonment for contempt of its authority and process . . ." In addition, the power to punish for contempt is inherent in all courts of superior jurisdiction in Indiana. *LaGrange* v. *State* (1958), 238 Ind. 689, 153 N. E. 2d 593. A criminal contempt can be any act which manifests a disrespect for and defiance of a court. The *willful* disobedience of a court order can constitute indirect criminal contempt. *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313. However, the act must be done willfully and with the intent to show disrespect or defiance. *State ex rel. Indpls. Bar Assn.* v. *Fletcher Trust Co.* (1937), 211 Ind. 27, 5 N. E. 2d 538.

One of the major assertions of the Respondent is that he had no intent to defy the court order. The old rule in a case of indirect contempt, was that if the alleged contemnor claimed under oath that he had no intent to defy the Court's authority he was entitled to a discharge. *State ex rel. Indpls. Bar Assn.* v. *Fletcher Trust Co., supra.* However, this doctrine had no application where the charge of

contempt was based upon alleged acts of respondent which were clearly contemptuous in character. *Kilgallen* v. *State* (1922), 192 Ind. 531, 132 N. E. 682; *State ex rel. Indpls. Bar Assn.* v. *Fletcher Trust Co., supra.* The more recent case of *Allison* v. *State ex rel. Allison* (1963), 243 Ind. 489, 187 N. E. 2d 565 has effectively overruled the old policy stated in the *Fletcher Trust* case. It states that where violations of a court's order are undenied it is not sufficient to merely deny any intention to defy the order. We believe this to be the better rule. The question of intent is a question of fact to be decided after hearing all the evidence. To the extent that *State ex rel. Indpls. Bar Assn.* v. *Fletcher Trust Co., supra,* would hold otherwise, it is to that extent overruled. The acts here were clearly contemptuous in nature. The Respondent was ordered to cease and desist from all activities as an attorney at law in this State until further notice. Less than a month later, the Respondent contracted with a man to be his attorney for a fee of five hundred dollars. In addition, he received fifty dollars as part payment. Respondent's contention notwithstanding, no other inference can be drawn than that Respondent was acting with the willful intent to defy the Order of Suspension issued by this Court. Contempt of the Supreme Court was clearly shown. The punishment imposed is a vindication of the Court's authority but we also hope that it will act as a deterrent for this Respondent and all other who might harbor the thought of defying an order of this Court.

The Respondent claims the action is defective because it has not been brought in the name of the State of Indiana. See, *State ex rel. Indpls. Bar Assn.* v. *Fletcher Trust Co., supra; Denny* v. *State, supra.* However, the purpose of that rule is to distinguish between civil contempt proceedings and criminal contempt proceedings. It was clear to all, including the Respondent, that this was a criminal contempt proceeding. See, *Allison* v. *State ex rel. Allison, supra.* The action was brought by officials of the State appointed by this Court. It was clearly not brought for any

private party. Under the circumstances we feel it unnecessary that the State actually be named. The cause was certainly initiated for the public's interest and prosecuted by an arm of state government. See *Allison, supra.*

Respondent also contends the action is defective because the information was not verified by the oath of the informant. See, *State ex rel. Indpls. Bar Assn., supra; Denny, supra.* However, attached to the information is a transcript of the sworn testimony which the informant made to Judge Boring of the Marion County Municipal Court concerning his matter, along with the Certificate of the Reporter and the Certificate of the Judge. This obtains substantially the same result, and we hold it to be sufficient to prevent nullifying the action.

Respondent further asserts that the information lacks specificity. First it is contended that the time and place are not stated with sufficient certainty. However, the date the actions occurred is given along with the exact address and place where they occurred. He also contends the actions which constitute the indirect contempt are not stated clearly enough. This argument is totally fallacious. A clear and succinct statement of the facts constituting the contempt are contained in the information.

None of the contentions made by Respondent convince this Court that it should act in a manner contrary to that chosen. Respondent was guilty of indirect criminal contempt of the Supreme Court and received what this Court considers to be an appropriate punishment of thirty days on the Indiana State Farm. We hope this emphasizes the honesty and integrity which this Court expects of all attorneys. Open defiance of the orders of this Court will not be countenanced.

This opinion is in furtherance and support of the Order of this Court filed January 4, 1973, committing the Respondent to the Indiana State Farm for thirty days.

Arterburn, C.J., DeBruler, Givan and Prentice. JJ., concur.

NOTE.—Reported in 291 N. E. 2d 698.