IN THE MATTER OF DANNY J. MAY, THURMAN MOORE AND MARY FRANCIS MOORE.

[No. 1-975A163. Filed December 9, 1976.]

*R. Davy Eaglesfield, III*, of Indianapolis, *F. Thomas Schornhorst*, of Bloomington, for appellants.

*Charles W. Cooper, Cooper, Cox, Jacobs & Kemper*, of Madison, *Ted R. Todd, Hensley, Todd, Hocker & Castor*, of Madison, *Merritt K. Alcorn, Leininger, Eckert & Alcorn*, of Madison, for appellees, *Theodore L. Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for amicus curiae.

ROBERTSON, C.J.—This is an appeal from a conviction of direct criminal contempt arising out of statements made by May in a motion to correct errors and in a complaint for declaratory judgment filed in the Switzerland Circuit Court.

The issues upon appeal are whether the action was defective because the State was not made a party to the action; whether the judge of the Switzerland Circuit Court had jurisdiction to cite May for direct contempt of court; and whether May's acts were sufficient to constitute a direct contempt of court. We find no error and affirm May's conviction of contempt.

May first argues that the action is defective because it was not brought in the name of the State of Indiana This same argument was disposed of by our Supreme Court in *In re Perrello* (1973), 260 Ind. 26, 30-31, 291 N.E.2d 698, 701.

"The Respondent claims the action is defective because it has not been brought in the name of the State of Indiana. *See: State ex rel. Indpls. Bar Assn.* v. *Fletcher Trust Co., supra; Denny* v. *State, supra.* However, the purpose of that rule is to distinguish between civil contempt proceedings and criminal contempt proceedings. It was clear to all, including the Respondent, that this was a criminal contempt proceeding. *See: Allison* v. *State ex rel. Allison, supra.* The action was brought by officials of the State appointed by this Court. It was clearly not brought for any private party. Under the circumstances we feel it unnecessary that the State actually be named. The cause was certainly initiated for the public's interest and prosecuted by an arm of state government. *See: Allison, supra." In re Perrello* (1973), 260 Ind. 26, 30-31, 291 N.E.2d 698, 701.

May next argues, upon the basis of Ind. Rules of Procedure, Trial Rule 79 (11), that the judge of the Switzerland Circuit Court did not have jurisdiction to cite him for direct contempt after the judge was named as a defendant in the action for declaratory judgment. We disagree.

First, May's conviction was based in part upon a portion of a motion to correct errors filed in the Switzerland Circuit Court directed to the court's judgment in an independent civil matter. Trial Rule 79 (11) was inapplicable to this motion to correct errors, and the judgment of contempt could be affirmed upon the basis of statements contained within that motion.

Second, we do not interpret Trial Rule 79 (11) to eliminate the power of the judge to cite a party for contempt for statements directed toward him in the pleadings merely because he is not the judge empowered to hear the merits of that case. Trial Rule 79 (11) provides that whenever the judge of any court is a party to any proceeding, such judge shall at once disqualify himself. However, the fact that the judge may not be empowered to hear a particular case does not mean that he is without jurisdiction to cite one of the parties for contemptuous statements directed toward the judge in the pleadings since a charge of criminal contempt is independent of the action from which it arose. *Allison* v. *State* (1963), 243 Ind. 489, 187 N.E.2d 565.

May further argues that a judge named as a defendant in a civil suit is unable to make an objective decision as to the contemptuous nature of matters contained in the plaintiff's pleading. Regardless of the merit of this argument, it has no bearing upon this case since the contempt proceeding was held before a different judge.

May next argues that his actions in the present case did not constitute direct criminal contempt. However, Indiana case

law holds that charges of direct contempt can be supported by contemptuous statements made in papers filed with the court. *LaGrange* v. *State* (1958), 194 Ind. 147, 141 N.E. 308; *Coons* v. *State* (1922), 191 Ind. 580, 134 N.E. 194; *Ex Parte Fennig* (1939), 216 Ind. 298, 23 N.E.2d 678.

May argues that an attorney may not be held in contempt for attempting in good faith to represent the interests of his client and alleges that his conduct in the present case falls within that standard. May relies upon *Blankenbaker* v. *State* (1928), 201 Ind. 142, 166 N.E. 265, in which the Supreme Court held that an attorney could not be held in contempt for statements made in a motion filed in the court when the motion is made in good faith, in the interest of his client, and is necessary to protect the rights of the client in the case. However, in the present case, May was held in contempt for statements directed toward the judge of the Switzerland Circuit Court which could not be characterized as relevant to the issues of the case or necessary to the protection of his client's rights.

May further contends that statements made in a pleading filed by counsel on behalf of his client are privileged. May relies upon the rule that, in actions for defamation, statements made in pleadings in judicial proceedings are protected by a qualified privilege, *Stahl* v. *Kincade* (1963), 135 Ind. App. 699, 192 N.E.2d 493, but May has cited no Indiana authority for the proposition that a similar privilege operates in contempt proceedings.

May finally argues that the statements contained in the papers involved in this case are protected under the First Amendment.[1] The cases cited by May in his argument involve out-of-court publications and have nothing to do with

1. At this point in his argument, May has also attempted to raise matters previously disposed of by this opinion.

statements made in legal papers filed with the court. Thus, they are irrelevant to the present case.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 358 N.E.2d 138.