**In the Matter of Judith L. HATFIELD.**

**No. 49S00–9301–MS–152.**

Supreme Court of Indiana.

Jan. 25, 1993.

PER CURIAM.

The Court today is faced with the task of determining whether to find a court reporter in contempt for violating a court-ordered deadline for preparing a transcript in a death penalty case. As she prepared other transcripts instead, we find she willfully disobeyed a court order and, accordingly, she is guilty of contempt.

This action arose over delays in the preparation of the transcript in *Allen v. State*, Cause No. 49S00–9207–DP–566, a death penalty case tried before Marion Superior Court (Criminal Division) Judge John R. Barney, Jr., during the summer of 1988. Judith Hatfield ("Respondent"), an employee of Judge Barney, was the court reporter in Howard Allen's case.

Allen filed a motion to correct errors in January 1989. He later filed a belated motion to correct errors. Judge Barney denied the belated motion to correct errors about two years later, on January 17, 1990, after the Supreme Court initiated inquiry concerning the delay.

About two years after that, on March 1, 1992, Judge Barney appointed Allen's present counsel, David Sexson. Sexson filed a praecipe for the record March 18, 1992.

The record was due to be filed with this Court by June 16, 1992. However, Sexson petitioned for a belated extension of time to file the record on July 27, 1992. Concern over the delays in this case prompted the Court to set a status conference for September 10, 1992.

Both Respondent and Sexson appeared for the conference. As a result of the conference, the Court issued an order on September 15, 1992, requiring Respondent to complete the transcript in *Allen v. State* by December 10, 1992. The order provided that Respondent should appear before the Court and answer contempt charges if she did not comply with that deadline.

Although Respondent admittedly received notice of that order, she failed to complete the transcript as directed. She appeared before the Court with counsel on

January 13, 1993, to offer her reasons why she should not be held in contempt. Unpersuaded by her arguments, a majority of this Court has found her in contempt.

■ We note preliminarily that willful failure to obey an order of the Supreme Court is punishable as an indirect criminal contempt. *Matter of Lemond* (1980), 274 Ind. 505, 413 N.E.2d 228; Ind.Code Ann. sec. 34-4-7-3 (Burns 1983). To constitute indirect criminal contempt, the act must be done with the intent to show disrespect or defiance. *In re Perrello* (1973), 260 Ind. 26, 29, 291 N.E.2d 698, 700.

■ Intent is a factual issue to be decided by the Court after hearing all the evidence. *Lemond,* 274 Ind. at 508, 413 N.E.2d at 231. Respondent had the burden of establishing that her failure to obey the order was not willful. *Hays. v. Hays,* (1939), 216 Ind. 62, 22 N.E.2d 971. The possible penalties for indirect criminal contempt include a fine or imprisonment or both. Ind.Code Ann. sec. 34-4-7-9 (Burns 1983).

■ Respondent acknowledges she violated the Court's order setting the transcription deadline. However, she argues the violation was not willful or disrespectful. She offers three justifications for her actions.

First, she argues her word processing equipment is inadequate and greatly slows her work. She claims the equipment at times does not even function. She suggests a typewriter is not an adequate substitute because she does not have routine access to one.

Second, Respondent suggests she felt compelled to work on cases other than *Allen v. State,* although she admits to facing no similar court-ordered deadlines in other cases. She asserts she believed court reporters must keep the channel of transcripts flowing, regardless of the individual characteristics of each case. As *Allen v. State* would have consumed a substantial portion of her time, she believed she should limit her efforts on *Allen v. State* so as to allow simultaneous work on other pending cases. Respondent concedes she chose to prepare 15 other transcripts instead of completing the transcript in *Allen v. State.*

As her third defense, Respondent contends financial considerations prompted her to prepare other transcripts, rather than comply with the Court's order in *Allen v. State.* She contends that local government delayed paying court reporters for transcripts during a two-month period in 1992, but did not present any actual evidence of this delay. Respondent acknowledges she did continue to receive her $22,000 annual salary during that period, however.

To fill the gap in her income, Respondent states she prepared transcripts in cases in which local government was not the source of payment. She asserts she would have lacked sufficient funds to meet her own financial obligations if she had not prepared those other transcripts. She could not have prepared those transcripts and completed the transcript in *Allen v. State* by the December 10th deadline, according to Respondent.

As proof of her defenses, Respondent submits a list of 15 transcript requests which she fulfilled from September through December 1992. Those transcripts total approximately 1,100 pages. Respondent also indicates she had completed all but 500 pages of the 2,100-page transcript in *Allen v. State* as of the January 13th hearing.

The Court observes Respondent's defenses are inconsistent. If she had believed her duties as a court reporter necessitated transcribing other cases in advance of or contemporaneously with *Allen v. State,* her financial concerns would have been irrelevant. If financial concerns truly motivated Respondent's actions, any obligation which she may have felt to keep numerous cases moving would have been secondary. Moreover, the list of transcripts completed establishes her equipment did not prevent her from transcribing *Allen v. State.* The list shows her equipment was sufficient to allow her to produce 2,700 pages of transcripts between September and January 13—600 pages more than the transcript in *Allen v. State.* In addition, Respondent

continued to perform other duties associated with her position as a court reporter.

The Court finds the evidence established Respondent received the court order requiring her to complete by December 10, 1992, the transcript in *Allen v. State*. Instead of attempting to comply with it, however, Respondent chose to conduct business as usual. The evidence establishes she could have complied with the deadline in *Allen v. State*.

The Court further finds the evidence establishes Respondent could have "farmed out" her other transcription work to other court reporters. Such action would have allowed Respondent to complete the transcript in *Allen v. State* by December 10 without falling further behind on other transcript requests.

The Court recognizes the demands on a court reporter's time can sometimes be onerous. However, such demands are to be expected and cannot justify ignoring deadlines imposed by this Court. In this instance, considerable latitude already had been given to Respondent, as evidenced by the lengthy delays which were initially allowed, and by the Court's ordering of a status conference to express its concern. Moreover, this Court's order of September 15, 1992, specifically stated that failure to complete the *Allen v. State* transcript by December 10, 1992, would require Respondent to appear and show cause why she should not be held in contempt. Even as of January 13, 1993—the date of her contempt hearing—Respondent had not complied with the order. Respondent failed to carry her burden of proving the violation of this Court's order was not willful.

The Court finds Respondent, with the intent to show disrespect or defiance, willfully failed to comply with its order to complete the transcript in *Allen v. State* by December 10. Accordingly, the Court fines Respondent $500, payable on or before February 1, 1993. The Court also sentences Respondent to seven days in jail. The order of incarceration is withheld until February 1, 1993.

On that date, Respondent is ordered to present herself to Supreme Court Sheriff Paul Lombardo at noon in the Courtroom, Room 317, State House. If she produces proof that the transcript is completed in *Allen v. State*, the Court shall consider suspending her jail sentence. Such proof shall consist of a receipt from Allen's defense counsel indicating he has received the transcript from Respondent, inspected it, and determined that it is complete. If Respondent does not produce such proof at noon February 1, 1993, Sheriff Lombardo shall escort her immediately to the Marion County Jail so she may begin to serve her seven-day sentence without benefit of good time.

While this decision is based solely on the facts in this case, the Court observes the transcription delays in the cases in which Respondent has served as a court reporter have been among the worst in the state for several years. The Court's previous efforts over a period of years to resolve this problem by contacting Respondent and Judge Barney have been unfruitful.

██ While these proceedings do not involve any citation of contempt with respect to Judge Barney, the Court believes he must share the blame for tardy transcript preparations in his court. The documents presented in this proceeding reflect a one-year backlog of transcript requests in Judge Barney's court. As the entire appeal process often takes less than one year in cases in other trial courts, this delay is untenable.

Judge Barney is ultimately responsible for these delays because he is the employer and direct supervisor of the court reporters in his court. If his court reporters are unable to prepare transcripts in a timely manner, he is obligated to find some other means by which that work can be done. These alternatives may include requiring work be performed by other court reporters. Another alternative is hiring additional personnel.

Accordingly, the Court orders that Judge Barney submit by February 8, 1993, a plan for expeditiously completing the one-year back log of cases in his court. Such a plan may involve "farming out" the backlog to

court reporters outside his court. The plan also may include some reorganization of transcription functions in his court. This Court will then approve the plan and order it implemented or remand it for amendment.

All Justices concur, except DeBRULER, J., who would find Respondent not guilty of contempt.