# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK A. THOMA**
Leonard Hammond Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 31 2014, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JEFFREY METZGER,                    )
                                    )
    Appellant-Defendant,         )
                                    )
      vs.                     )      No. 02A03-1307-CR-295
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.          )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1212-MC-3385

**March 31, 2014**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Jeffrey Metzger (Metzger), appeals his conviction for contempt of court, Ind. Code § 34-47-3-5.

We affirm.

## ISSUE

Metzger raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it concluded that Metzger's actions amounted to a contempt of court.

## FACTS AND PROCEDURAL HISTORY

On December 15, 2012, at approximately 2:40 a.m., officers with the Fort Wayne Police Department stopped Metzger for operating a vehicle while intoxicated. Metzger was transported to the Allen County lockup and refused the certified breath test. The officers contacted Allen County Chief Deputy Prosecutor Michael McAlexander (Chief Deputy McAlexander) and requested his help in obtaining a search warrant for a blood draw. The officer completed the probable cause affidavit and Chief Deputy McAlexander faxed the probable cause affidavit and application for a search warrant to the trial judge on call. A short time later, the warrant arrived, signed by the judge.

Once a warrant is obtained, a jail nurse comes down to the lockup to draw the blood. While waiting for the nurse to arrive, Chief Deputy McAlexander and the officer placed Metzger in a holding room and handed him the warrant to read. At the same time, Chief Deputy Mc Alexander explained to Metzger the consequences of his refusal to take

the certified breath test, including the possibility of being held in contempt in case of non-cooperation. As he was reading and heard Chief Deputy McAlexander's explanation, Metzger became more and more agitated. Metzger stood up, turned around, and started to pick up his chair. Metzger glared at Chief Deputy McAlexander and began moving toward him with the chair. The officer ordered Metzger to sit down. When Metzger refused to comply, the officer took "him down to the ground" and handcuffed him. (Transcript p. 32). After the struggle and based on Metzger's actions, Chief Deputy McAlexander determined that Metzger was not agreeing to submit to a blood draw.

On February 4, 2013, the State filed an Information charging Metzger with contempt of court, I.C. § 34-47-3-5. On July 5, 2013, the trial court conducted a bench trial. At the close of the evidence, the trial court found Metzger guilty as charged and sentenced him to ninety days in the Allen County Confinement Facility.

Metzger now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Metzger contends that the trial court abused its discretion by finding him in contempt of court. Specifically, Metzger maintains that because Chief Deputy McAlexander decided to call off the blood draw prior to the nurse's arrival, he did not willfully resist, hinder, or delay the execution of the trial court's warrant.

The determination of whether a party is in contempt of court is a matter within the sound discretion of the trial court. *Jones v. State*, 847 N.E.2d 190, 199 (Ind. Ct. App. 2006). We will reverse the trial court's determination only if the court has abused its

discretion. *Id*. A court has abused its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law. *Id*.

Contempt proceedings may generally be categorized as civil or criminal, according to the nature and purpose of the sanction imposed. *Id*. A civil contempt is a violation of a court order resulting in a proceeding for the benefit of the aggrieved party. *Id*. As such, any type of penalty in a civil contempt proceeding must be coercive or remedial in nature. *Id*. By contrast, a criminal contempt is an act directed against the dignity and authority of the court that obstructs the administration of justice and tends to bring the court into disrepute. *Id*. Accordingly, a criminal contempt sanction is punitive in nature because its purpose is to vindicate the authority of the court, and it benefits the State rather than the aggrieved party. *Id*. The contempt in this case was clearly criminal in nature, inasmuch as Metzger's refusal to comply with the court's order to submit to a blood draw was an act directed against the authority of the court and his sanction was punitive in nature.

Contempt may also be direct or indirect. *Id*. Direct contempt, on the one hand, involves an action in the presence of the court, such that the court has personal knowledge of it. *Id*. Indirect contempt, on the other hand, undermines the orders or activities of the court but involves actions outside the trial court's personal knowledge. *Id*. Here, the contempt at issue is indirect as Metzger's actions leading to the contempt charge occurred outside the courtroom.

Indiana Code section 34-47-3-1 provides,

4

> A person who is guilty of any willful disobedience of any process, or any order lawfully issued:
> (1) by any court of record, or by the proper officer of the court;
> (2) under the authority of law, or the direction of the court; and
> (3) after the process or order has been served upon the person;
> is guilty of indirect contempt of the court that issued the process or order

The determination of whether an alleged contemptuous act was committed with the intent to show disrespect or defiance is a factual question to be decided by the court after hearing all of the evidence. *In re Hatfield*, 607 N.E.2d 384, 385 (Ind. 1993). Our supreme court has held that the respondent has the burden of establishing that his failure to obey the order was not willful. *Id*.

Because of Metzger's refusal to take the certified breath test, Chief Deputy McAlexander obtained a search warrant to have Metzger's blood drawn. Chief Deputy McAlexander gave Metzger a copy of the warrant to read and explained to him the consequences of his refusal, including the possibility of being held in contempt of court. After Metzger was put on notice that a court order had been issued for him to submit to a blood draw and prior to the nurse's arrival, Metzger became very anxious and started to threaten Chief Deputy McAlexander. Metzger began moving towards Chief Deputy McAlexander while holding a chair. Despite the officer's order to stay seated, Metzger continued to advance and refused to comply. The officer subdued Metzger and handcuffed him. Based on Metzger's uncooperative actions, it can be reasonably inferred that Metzger had no intent to comply with the trial court's order to submit to a blood draw. *Hopping v. State*, 637 N.E.2d 1294, 1296 (Ind. 1994), *cert. denied*, 513 U.S. 1017 (1994) ("Any act related to a current or pending proceeding which tends to deter the court

5

from the performance of its duties may support a contempt proceeding.")  As Metzger's act was clearly directed against the authority of the court and hindered the execution of the trial court's warrant, the trial court properly held Metzger in contempt.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by declaring Metzger in contempt of court.

Affirmed.

VAIDIK, C. J. and MAY, J. concur